SCHRAEDER v. STATE.

Ohio Appeals, 3rd Dist., Hancock Co.

No. 236. Decided Feb. 1, 1928

First Publication of This Opinion.

Syllabus by Editorial Staff.

209. CARRYING CONCEALED WEAPONS.

1. Revolver is pistol within purview of 12819 GC. Not necessary, in prosecution for violation of this section, for state to allege and prove that revolver was loaded with powder and ball.

2. Revolver, hidden in pocket attached to inside left front door of automobile, and immediately beside accussed who is driving, is, within purview of 12819 GC., concealed about his person.

**480. EVIDENCE.**

Offered by state, which tends to prove one or more of essential facts laid in indictment, should not be excluded simply because it tends to prove commission, by accused, of another independent crime.

Error to Common Pleas.
Judgment affirmed.

Foster & Sheridan and W. H. Kinder, Findlay, for Schraeder.
John E. Priddy, Findlay, for State.
Before Judges Crow, Hughes and Justice.

STATEMENT OF FACTS.

Sam Schraeder was convicted in the court of common pleas of this county on a charge of carrying a concealed weapon, and this proceeding in error is prosecuted to reverse that judgment.

JUSTICE, J.

"Three questions are presented for our determination.

1. Is a revolver a pistol, within the purview of Section 12819, General Code?

Said Section 12819, so far as pertinent here, provides that

"Whoever carries a pistol, bowie knife, dirk or other dangerous weapon concealed on or about his person, shall be fined * * * or imprisoned * * *."

The indictment reads, in part, as follows:

"That Sam Schraeder, late of said county, on the 15th day of July, in the year of our Lord one thousand nine hundred and twenty-seven, at the county of Hancock aforesaid, unlawfully did carry concealed on or about his person a dangerous weapon, to wit, a certain Colt 32-20 revolver * * *."

Counsel for plaintiff in error contend that a revolver is not a pistol within the terms of the statute. That, in order to constitute a revolver a dangerous weapon, within the meaning of the statute, the indictment must allege, and the proof must show, that the revolver was loaded with powder and ball. With this contention we do not agree.

A revolver is defined in Funk and Wagnell's New Standard Dictionary of the English language, as

"A fire-arm especially a pistol, having a breach-loading chambered cylinder so arranged that the cocking of the hammer or movement of the trigger, in its return motion, revolves it and brings the next cartridge in line for firing."

Inasmuch as a revolver is, in fact, a pistol, it follows that it is not necessary, in a prosecution for a violation of Section 12819, General Code, for the state to allege in the indictment, and prove on the trial, that the revolver was loaded with powder and ball.

2. Did the trial court err in permitting the prosecutor to show the contents of the automobile, which plaintiff in error was driving when chased by the officers?

It is undoubtedly the law of this state that proof of separate and independent crimes, with some exceptions, should be excluded as having a tendency only to prejudice the jury. 31 OS.

100. But, evidence offered by the state, which tends to prove one or more of the essential facts laid in the indictment, should not be excluded by the trial court simply because it tends to prove the commission by the accused of another independent crime.

In the instant case it was of some moment to the state, to show where the revolver was located while the automobile was in Hancock county. And, as the accused entered and left Hancock county in an automobile, it would seem proper for the state to inquire concerning it, that is to say, its make, its speed, who drove it, who and what was in it, and all such other inquiries as would tend to prove the guilt or innocence of the accused as charged. We therefore find that this contention is not well taken.

3. Is there sufficient evidence tending to prove beyond a reasonable doubt, that Schraeder carried, in Hancock county, the revolver concealed on or about his person?

The only logical and reasonable conclusion to be deduced from these facts, as we see it, is, that the revolver was hidden in the automobile pocket during the chase in Hancock county. But, was the revolver, while in Hancock county within the purview of Section 12819, General Code, concealed on or about the person of the accused.

This question, to our knowledge, has never been judicially determined by the courts of Ohio.

There are, however, certain fundamental rules of statutory construction which are very helpful in the solution of the problem here. In substance, they are that words in a statute should be construed as they are generally understood and that effect must, if possible, be given to each and every word of an act. Lewis'-Sutherland Statutory Construction, Volume 2, pages 731-749.

Applying these rules to the language under consideration, we conclude that our legislature did not intend to use the words "on" and "about" in the phrase "on or about his person," as interchangeable terms. As we see it, the word "on" in the expression "on or about his person," means connected with or attached to, while the word "about" means nearby, close at hand, in reach of. People v. Niemoth, 152 N.E. 537. Welch v. State, 262 S.W. 485.

In the instant case, the revolver during the chase was hidden in the pocket attached to the inside of the left front door of the Cadillac coupe, and immediately beside the accused, who was driving it, and, in our opinion, therefore, was, within the purview of Section 12819, General Code, concealed about his person.

We have carefully considered the other assignments of error to which our attention has been directed, and find that they are not well taken.

Holding these views, it follows that the judgment of the court of common pleas should be affirmed."

Crow and Hughes, JJ., concur.