The defendant was charged with the crime of carrying a dangerous weapon in violation of § 53-206 of the General Statutes. He was tried *Page 86 
to the court and found guilty and has appealed from the judgment rendered. In accordance with Circuit Court Rule 7.21.1, he stated that he desired to have reviewed the court's conclusions upon the facts. The court made a finding setting forth the subordinate facts found and the conclusions drawn from the facts. Cir. Ct. Rule 7.22.1. Error is assigned in the refusal of the court to grant the defendant's motions for a discharge and to set aside the finding of guilty; in the refusal of the court to correct its finding; in the conclusion of the court based on the subordinate facts found; and in the conclusion that upon all the evidence the defendant was guilty of the crime charged beyond a reasonable doubt.
The record discloses that the defendant made his motion for a discharge after the state rested its case. This motion was denied, and the defendant proceeded with his defense. Actually, this was a motion to dismiss the information, and we treat it as such. The denial of a motion to dismiss is not assignable as error. State v. Boucher, 119 Conn. 436,437; Maltbie, Conn. App. Proc. § 212.
The assignment of error directed to the denial of the motion to set aside the finding of guilty will not be considered. No provision is made in Circuit Court Rule 7.29.1 for such an assignment, and it raises exactly the same issue as is presented in the assignment attacking the conclusion of guilt beyond a reasonable doubt.
Other assignments of error, based on the court's refusal to strike certain facts from or add certain facts to the finding, and on claims that facts were erroneously found, would not directly affect the ultimate facts upon which the judgment depends. Since no useful purpose would be served by making *Page 87 
these corrections, they are not made. WhippoorwillCrest Co. v. Stratford, 145 Conn. 268, 270.
In the next assignment of error, the defendant claims that the court erred in concluding that at the time of his apprehension he carried upon his person a dangerous weapon and that he did not have a written permit for the weapon issued by the proper authorities. The principal facts set forth in the finding are as follows: On August 18, 1961, at 4:17 p.m., the defendant, a resident of New Haven, was apprehended about forty feet off a public highway, near a wooded area in Hamden, Connecticut, with a .22 caliber air-operated single-shot pellet gun held in his left hand. He was testing the gun by firing it. He also had in his possession pellets for the weapon. Both the weapon and the pellets were purchased by him, just prior to his apprehension, at the Plaza Sporting Center in Hamden, and he intended to take them home with him after test-firing the gun. He tried to ascertain by telephoning state and local authorities what licensing requirements there were for such a weapon.
Section 53-206 provides in part: "Any person who carries upon his person any slung shot, air rifle, BB. gun, black jack, sand bag, metal or brass knuckles, or any dirk knife, or a switch knife, or any knife having an automatic spring release device by which a blade is released from the handle, having a blade of over one and one-half inches in length, or stiletto, or any knife the edged portion of the blade of which is four inches or over in length, or any other dangerous or deadly weapon or instrument, unless such person has been granted a written permit issued and signed by the first selectman of a town, the mayor or chief of police of a city or the warden of a borough, authorizing such person to carry such weapon or instrument within such town, *Page 88 
city or borough, shall be fined not more than five hundred dollars or imprisoned not more than three years or both." The weapon in this case not being enumerated in the statute, the state must prove beyond a reasonable doubt the following elements of the crime: (1) That the defendant was carrying upon his person a weapon; (2) that the weapon was deadly or dangerous; (3) that the defendant did not have a written permit issued and signed by the first selectman of a town, the mayor or chief of police of a city or the warden of a borough, authorizing the defendant to carry the weapon within the town, city or borough.
The defendant claims that the words "carries upon his person" refers to the concealment of a weapon on the person and not to a weapon which is exposed, as in this case. The intention of the legislature is controlling, and where that intention is clearly ascertained it is the duty of the court to execute the legislative will. Kelly v. Dewey,111 Conn. 281, 284. An examination of the history and derivation of § 53-206 shows that chapter 140, § 1, of the 1907 Public Acts and chapter 261 of the 1911 Public Acts read: "Every person who shall carry concealed upon his person . . . ." In chapter 129 of the 1917 Public Acts, the legislature amended this to read, "Every person who shall carry upon his person . . . ," thus removing the word "concealed." Section 6369 of the 1918 Revision contained the same wording, and § 6219 of the 1930 Revision was similar. Section 1699c of the Cumulative Supplement amended the second sentence of § 6219 by striking the word "concealed" therefrom, so that it read: "Whenever any person shall be found guilty of a violation of this sub-section, any weapon or other implement within the provisions hereof, found upon the body of such person, shall be forfeited . . . ." Section 1443e of the 1939 Cumulative *Page 89 
Supplement, § 8540 of the 1949 Revision, § 2481c of the 1953 Cumulative Supplement and the present section, General Statutes § 53-206, retained the same wording. From this examination of the statute, it is clear that the legislature removed "concealment" as an element of the crime.
"In general terms, and without reference to the character of the crime involved, a dangerous weapon or deadly weapon may be defined as any instrument which, when used in the ordinary manner contemplated by its design and construction, will, or is likely to, cause death or great bodily harm." 56 Am. Jur. 991, § 2; Acers v. United States,164 U.S. 388, 391. Our legislature has enumerated in § 53-206 certain dangerous or deadly weapons or instruments which are unlawful to be carried upon the person unless a written permit is obtained from the proper authorities, and after said enumeration these general words follow: ". . . or any other dangerous or deadly weapon or instrument." The .22 caliber air-operated single-shot pellet gun found upon the defendant is not listed in the statute. Where general words follow an enumeration of persons or things, the general words will be construed as applying only to persons or things of the same general kind or class as those specifically enumerated. This is the rule of construction known as "ejusdem generis." State v. Certain ContraceptiveMaterials, 126 Conn. 428, 430. "Air rifle" and "BB. gun" are two of the weapons specifically listed. Both of these throw a projectile or a missile to a distance by force of air, and our legislature classifies them as dangerous weapons. The .22 caliber air-operated single-shot pellet gun and the pellets are exhibits in the case. The court could have reasonably concluded from a study of the gun and pellets that the gun could throw a projectile or missile called a pellet to a distance by a force of air and *Page 90 
that it is of the same general kind or class as "air rifle" and "BB. gun" and therefore is a dangerous weapon. The subordinate facts found support the court's conclusion that at the time of the defendant's apprehension he carried upon his person a dangerous weapon.
The next issue presented is whether the subordinate facts support the court's conclusion that the defendant did not have a written permit for the dangerous weapon issued by the proper authorities. It is within the province of the trier, whether court or jury, to draw reasonable inferences from the facts proven, but the conclusions based on them must not be the result of speculation or conjecture.State v. DeCoster, 147 Conn. 502, 504; State v.Murphy, 124 Conn. 554, 562. A limitation upon the trier is that the inferences should be drawn only from, and bear a logical relation to, other facts which have been proven. State v. Foord, 142 Conn. 285,294; Fitch v. State, 138 Conn. 534, 541. The defendant, who lived in New Haven, purchased a .22 caliber air-operated single-shot pellet gun, with pellets for it, in Hamden just prior to his apprehension. He was test-firing the gun near a wooded area about forty feet off a public highway in Hamden, and he intended to take the gun home after the test. It further appears that he tried to ascertain by telephoning state and local authorities what licensing requirements there were for such a weapon. There is no exception in § 53-206 which allows a person who purchases a dangerous weapon to take it home without a written permit. The written permit would have to be obtained from the proper authorities in every town, city or borough in which he intended to carry the weapon. In fact, it would be necessary to have the permit before taking the weapon from the place of purchase. In our opinion, the subordinate facts support the conclusion *Page 91 
that the defendant did not have a written permit for the dangerous weapon issued by the proper authorities.
We next consider the final assignment of error, wherein the defendant claims error in the conclusion of the court that upon all the evidence he was guilty of the crime charged beyond a reasonable doubt. Our law is settled that the proof of guilt must exclude, not every possible, but every reasonable supposition of innocence. State v. Smith,138 Conn. 196, 200; State v. McDonough, 129 Conn. 483,486; State v. Block, 87 Conn. 573, 577. A review of the evidence shows that the defendant carried upon his person a dangerous weapon and that he had no written permit to carry it, as required by the statute. He admitted that just prior to his apprehension he went to the Plaza in Hamden and while window shopping saw the .22 caliber air-operated single-shot pellet gun in a window, and that he then purchased it with the pellets. Upon all the evidence, including the inferences which the court was warranted in drawing, it was justified in concluding that the defendant was guilty of the offense charged beyond a reasonable doubt.
 There is no error.
In this opinion SULLIVAN and EIELSON, JS., concurred.