**Obed Santos RUIZ, Appellant,**

**v.**

**The STATE of Texas, Appellee.**

**No. 35817.**

Court of Criminal Appeals of Texas.

May 22, 1963.

Rehearing Denied June 26, 1963.

Marion H. Gibbons, Houston, for appellant.

Frank Briscoe, Dist. Atty., Carl E. F. Dally and James I. Smith, Asst. Dist. Attys., Houston, and Leon B. Douglas, State's Atty., Austin, for the State.

WOODLEY, Presiding Judge.

The offense is unlawfully carrying a pistol; the punishment, one year in jail.

The sole question presented is the sufficiency of the evidence to sustain the jury's finding that the appellant carried a pistol.

The testimony of Mrs. Pablo Martinez reflects that in the early hours of June 3, 1962, the appellant, who was separated from his wife Angelita, went to a house in the City of Houston, Texas, where his wife and two children were living in an upstairs

**610**

apartment with her parents, Pablo Martinez and the witness Guadalupe Martinez.

When the downstairs screen door was not opened immediately upon appellant's knock, he tore the screen and entered the house and went upstairs to the Martinez apartment.

 Appellant was met at the screen door of the apartment by his wife's parents where, because of the "inconvenient hour", the parents refused to allow appellant to talk with his wife or to get his children. The parents suggested that he come back at another time.

Mrs. Martinez further testified:

"A. He didn't say more, he did this gesture (indicating) pulled out the arm and that is when we heard two shots.

"Q. When you speak of arm, do you mean he pulled a pistol?

"A. Why sure, just like this (indicating) he didn't actually take it out from here.

"Q. Could you see the pistol in his hand?

"A. No, because it was small he had it covered with his hand. I heard the shots and he hurt my husband.

She also testified that there were two shots and that one bullet hit her husband and the other missed him and was imbedded in the house.

Witness Officer J. M. Brossard testified that when he arrived at the scene Mr. Martinez was being loaded into an ambulance. He observed that the upper portion of Mr. Martinez's body was covered with blood and that he had a round hole in the center of his chin.

The officer further testified that there were two small holes, approximately the size of a .22 shell and about chest high, in the upstairs screen door.

The evidence is deemed sufficient to support a finding by the jury that two bullets were fired by appellant from a firearm of such diminutive physical character that it could be covered by the hand of appellant.

 A pistol is defined to be: "A short firearm intended to be aimed and fired from one hand." Webster's New International Dictionary, 2d Ed.; 32a Words and Phrases "Pistol", p. 105.

We find the evidence sufficient to sustain the conviction. Sexton v. State, Tex.Cr. App., 45 S.W. 920.

No reversible error appearing, the judgment is affirmed.