Jacob T. Zukermaen, J.
The respondent in this delinquency proceeding was charged with “ possession of a loaded .22 calibre home made gun, containing one live round of ammunition ’ ’ an act which, if done by an adult, would constitute the crime of “possession of loaded gun” as the petition read. If estab *280 listed, this would be a violation of either subdivision 4 or 9 of section 265.05 of the Penal Law.
Subdivision 9 of section 265.05 provides that ‘ ‘ Any person who has in his possession any dagger * * * stiletto, imitation pistol or any other dangerous or deadly instrument or weapon with intent to use the same unlawfully against another is guilty of a Class A misdemeanor ’ ’.
Subdivision 4 nf section 265.05 provides that “ Any person under the age of sixteen years of age who has in his possession any of the weapons, instruments, appliances or substances specified in the first three subdivisions of this section, or any air-gun, spring-gun or other instrument or weapon in which the propelling force is a spring or air, or any gun, or any instrument or weapon in or upon which any loaded or blank cartridges may be used, or any loaded or blank cartridges or ammunition therefor, or any dangerous knife, shall be adjudged a juvenile delinquent. ’ ’
There is no dispute in this case that the object in respondent’s possession in this proceeding was incapable of discharging a bullet at the time it was found in his possession.
(1) Was this a dangerous weapon 1
The first question for the court is whether the object found in respondent’s possession was in fact a firearm. If it is not a firearm then the court must look to see if it is a dangerous weapon, whether it was carried furtively, and if so whether it was carried with intent to use it unlawfully against another. (People v. Simons, 124 Misc. 28.)
A pistol incapable of being fired is not a pistol, revolver or other firearm within the statute. (People v. De Witt, 285 App. Div. 1157 ; People v. Grillo, 15 A D 2d 502, affd. 11 N Y 2d 841.)
There is no dispute that the object in respondent’s possession in this proceeding was incapable of discharging a bullet. Therefore it was not a firearm. However, it may still qualify as a dangerous weapon if ‘ ‘ with resonable preparation, it can be made effective and fit for the use * * * What constitutes a reasonable preparation depends * * * upon the time required, the changes that have to be made on the weapon, the parts which have to be inserted and all the other attendant factors ” (People ex rel. Dibuono v. Haskins, 76 N. Y. S. 2d 636, 637).
In People v. Tardibuono (174 Misc. 305) the court held that it was a question for the jury whether the gun could be made operable by defendant, unless the court should find that the instrument was beyond repair so that under no circumstance could it be restored to its original condition as a usable gun. *281 In that case it was held that the gun could be made operable by simply turning the carriage by hand and since the adjustment was so simple the gun was a dangerous weapon.
In the Family Court, the Judge is the finder of fact and law. It is therefore for him to determine, first, if the gun was beyond repair as a matter of law, and secondly, whether as a matter of fact the respondent was capable of fixing the gun with a reasonable amount of effort. The Massachusetts case of Commonwealth v. Bartholomew (326 Mass. 218), cited by petitioner, is in agreement that a gun that will not fire is not a firearm unless with relatively slight repair it can be made operable.
In the case at hand there is no evidence as to what expertise, if any, respondent has had with firearms. It is conceded that when he was found with the gun it would not fire. There is no evidence that respondent was capable of repairing the gun so as to make it fire. I, therefore, find the instrument on the respondent was not a firearm, as it was not operable, and as it has not been proven that with reasonable effort respondent could have made it operable.
(2) Was this an imitation pistol!
We next look at subdivision 9 of section 265.05 to determine whether respondent had in his possession an imitation pistol with intent to use the same unlawfully against another. (Italics supplied.)
People v. Del Gardo (146 N. Y. S. 2d 350) states that the word imitation when applied to pistols and revolvers means so nearly resembling the genuine as to mislead with the apparent object of producing, and likely to produce upon the minds of those against whom it is to be used, the belief that the imitation is capable of producing all the injurious consequences of the genuine article itself.
An instrument that was constructed to fire bullets but was a failure and is inoperable as a firearm is not ipso facto an imitation pistol. Such an instrument might not resemble the genuine article at all. Though with only slight repairs it might be made to fire, it would not be likely to produce in the minds of others the belief that it was a firearm. On the other hand an instrument that had no mechanism whatsoever for firing might be an imitation pistol even though it was not in fact dangerous to anyone. This is an important distinction. What determines if any instrument is an imitation pistol for purposes of subdivision 9 of section 265.05 is the appearance of the instrument and not the function for which it was constructed. There is some question in my mind whether the instrument carried by *282 respondent was in fact an imitation pistol. Moreover, under subdivision 9 of section 265.05 “ intent ” is an element of the crime. Mere possession of an imitation pistol is not a violation without intent to use it unlawfully. Subdivision 4 of section 265.15 does state that: “ The possession by any person of * * * any other weapon * * * is presumptive evidence of intent to use the same unlawfully against another.”
However, this is only a presumption, and intent must be proved beyond a reasonable doubt. (People v. Adamkiewicz, 298 N. Y. 176 ; People v. Kelly, 3 A D 2d 818.) (Section 1899 of the 1909 Penal Law, in effect at the time of these cases, is identical to subdivision 4 of section 265.15 on the question of the presumption of intent.) “ In any event the statutory presumption is subject to rebuttal and all the proof of surrounding facts and circumstances ” (p. 181) must be looked into.
There was no evidence to show intent to use. The respondent was not caught in the act of committing any crime nor was he charged with committing an unlawful act against another. The arresting officer testified that respondent did not resist in any manner nor did he deny ownership of the instrument. These were the “ facts and circumstances ” that were enough in People v. Adamkiewicz (supra) to rebut the statutory presumption.
The petitioner has not sustained his burden of proof of intent beyond a reasonable doubt and therefore I dismiss as to possession of an imitation pistol.
(3) Is subdivision 4 or section 265.05 constitutional?
Respondent has also raised the following question: Since it is section 712 of the Family Court Act which defines juvenile delinquency, and subdivision 4 of .section 265.05 of the Penal Law expands the definition by adding riew offenses for which a juvenile can be adjudged a delinquent, are not these two statutes inconsistent? The answer is that these two statutes are parallel acts of the Legislature and one should not take precedence over the other. There is no indication that the Legislature intended section 712 to be an all-inclusive definition of juvenile delinquency or that it intended to pre-empt the field with that section and not allow for further expansion of the definition by subsequent legislative action.
Finally, respondent has raised the issue of whether subdivision 4 is a denial of the provisions of the Fourteenth Amendment of the United States Constitution of equal protection of the laws because it makes possession of certain instru *283 ments a crime for a juvenile but not for an adult. There is a presumption that legislation is constitutional and that where a Legislature makes a classification such as this one it need only be reasonable, as opposed to capricious and arbitrary. This court cannot say that age, which has been held to be a reasonable basis for classification in so many other areas, is not reasonable in the area .of dangerous weapons and that zip gun or live ammunition is not more dangerous in the possession of a juvenile than it is in the possession of an adult. I feel that this statute is constitutional.
(4) Question of proof of age.
Respondent claims that, unlike any other subdivision of section 265.05 of the Penal Law, subdivision 4 makes an element of the crime that the person be under 16 years of age; that this element of the crime must be proved by petitioner, and petitioner’s failure to submit evidence on this element of the crime requires dismissal for failure to prove a prima facie case.
I disagree with this contention. I feel that the respondent, represented by counsel, had every opportunity to contest the jurisdiction of the court which in delinquency cases is limited to those under age 16. The failure of the respondent to raise any objection was a tacit admission as to the fact that he was under the age of 16 at the time of the occurrence of the act.
Accordingly, I find that the respondent, while under the age of 16, did have in his possession a live round of ammunition and, therefore, I adjudge him to be a juvenile delinquent.