STATE *v.* HAUGABROOK.

(No. 3469—Decided July 30, 1971.)

Montgomery County Court, Second District.

*Mr. Lee C. Falke,* prosecuting attorney, and *Mr. William Wolff, Jr.,* for plaintiff.
*Mr. Ralph A. Skilken, Messrs. Skilken & Skilken,* for defendant.

HOCHMAN, J.   Defendant asks this court to dismiss the charge against him for the reason that the facts before the court do not constitute an offense under R. C. 2923.012 which regulates the possession of certain concealed weapons.   No reported cases interpreting that section have been found.

The fact situation is not in controversy and is stipulated by counsel to be as follows:

Defendant in his automobile was stopped by the Wayne Township police for investigation of attempted burglary and during a routine search of the vehicle, a .22 caliber pistol, unloaded, was found in the glove compartment of

defendant's automobile. No ammunition for the gun was found on or about defendant's person or in the automobile. Defendant was subsequently charged with carrying a concealed weapon under R. C. 2923.012 which states in pertinent part:

"No person shall carry a bowie knife, dirk, blackjack, billyclub, brass knuckles, or other weapon capable of inflicting bodily harm, concealed on or about his person * * * Whoever violates this section shall be fined not more than five hundred dollars, nor imprisoned not less than thirty days nor more than one year, or both."

The above code section was made effective by the Legislature November 25, 1969, after the previous statutory provision controlling the possession of concealed weapons was amended. Prior to November 25, 1969, the controlling provision regulating concealed weapons, R. C. 2923.01, read in pertinent part as follows:

"No person shall carry a pistol, bowie knife, dirk, or other dangerous weapon concealed on or about his person * * * Whoever violates this section shall be fined not more than five hundred dollars, nor imprisoned in the county jail or workhouse not less than thirty days nor more than six months, nor imprisoned in the penitentiary not less than one nor more than three years."

Prior to November 25, 1969, the statutory construction left no doubt that possession of a concealed pistol constituted a crime, and guilt or innocence was not dependent upon the ammunition being readily available. *Lamb* v. *State*, 70 N. P. 224, 8 O. D. N. P. 282; *Schraeder* v. *State*, 28 App. 248. With the enactment of R. C. 2923.012, set out supra, the Legislature also passed an amended R. C. 2923.01 which reads:

"No person shall carry a pistol, revolver, zip-gun, other concealable firearm, or any concealable weapon or device capable of discharging a projectile, concealed on or about his person while such weapon or device is loaded, or while having on or about his person the ammunition or projectiles for any such weapon or device.

"Whoever violates this section shall be imprisoned not less than one nor more than three years."

The division of R. C. 2923.01 into two separate and distinct statutes obviously was accomplished to achieve a particular goal. R. C. 2923.01 refers exclusively to that class of weapons capable of discharging a projectile, while such weapon is either loaded, or while the projectile or ammunition is on or about the person possessing the weapon. R. C. 2923.012 refers exclusively to that class of weapons previously enumerated which inflict damage other than by propelling a projectile. Defendant contends that the rule of *ejusdem generis* applies, *i. e.*, where the specific terms are of one class such as "bowie knife, dirk, blackjack, billyclub," etc., and are followed by general terms, "or other weapon," etc., then the term, "or other weapon," must be limited to those of the previously enumerated class. It is contended that a gun is not of the same generic class as a bowie knife, dirk, blackjack, billyclub or brass knuckles and with this the court is in agreement. Each of those items are functional in and of themselves. They were designed and manufactured to be a complete weapon. On the other hand, a gun is not a completely functional weapon until loaded with the proper ammunition. An unloaded gun, like any compact heavy object such as a rock, hammer, or even an ashtray can be propelled by the bearer and serve as a weapon. But this is certaintly too large a class to be controlled under "non-projectile weapons." They were not manufactured to be functional weapons.

The Legislature needed only to include guns or pistols among the enumerated weapons included in R. C. 2923.012 to be consistent with the concealed weapons statutes prior to the amendment. That list however, is conspicuous by their absence, especially since R. C. 2923.01 is directed exclusively at weapons that propel, such as guns.

Statutory construction requires this court to consider that the Legislature intended for the possession of a loaded gun or pistol to be a felony; while possession of an unloaded gun or pistol is not to be considered a crime. For the foregoing reasons, the motion to dismiss is sustained. Exceptions noted.

*Motion to dismiss sustained.*