**Garland Hoyt MEADOWS, Appellant,**

v.

**The STATE of Oklahoma, Appellee.**

**No. F–73–409.**

Court of Criminal Appeals of Oklahoma.

March 4, 1974.

Alfred Hambrick, Spencer, for appellant.

Larry Derryberry, Atty. Gen., James L. Swartz, Asst. Atty. Gen., Stan Chatman, Legal Intern, for appellee.

## OPINION

BRETT, Judge:

Appellant, Garland Hoyt Meadows, hereinafter referred to as defendant, was charged, tried and convicted in the District Court, Grady County, Case No. CRF–73–22, for the crime of Assault with a Dangerous Weapon, After Former Conviction of a Felony, in violation of 21 O.S.1971, § 645. He was sentenced to serve a term of 10 years in the State Penitentiary in accordance with the verdict of the jury, and a timely appeal has been perfected to this Court.

The nature of the errors raised on appeal makes a discussion of the evidence adduced at trial unnecessary.

■ The defendant first complains that the trial court erred in overruling his motion for a change of venue. There is no error here. At the hearing upon the motion the defendant offered three witnesses, all of whom resided in the Town of Tuttle, Oklahoma, and whose testimony was limited to prejudice existing against the defendant in that town. In overruling the motion at the close of the evidence, the trial court noted that the Town of Tuttle supplied only a very small percentage of the jurors from whom defendant's jury would be selected and for that reason ruled that the evidence was insufficient to justify a change of venue. In Williams v. State, 19 Okl.Cr. 307, 199 P. 400 (1921), this Court stated in the second syllabus of the opinion:

"In order to warrant a change of venue by reason of prejudice existing against a defendant, it must be shown that such prejudice extended throughout the county generally, and it is insufficient to grant a change of venue upon a showing that impartial jurors cannot be procured from a portion of the county only."

The defendant wholly failed to sustain his burden of showing that he could not get a fair trial in Grady County. At the time of its adverse ruling the trial court informed . defense counsel that the motion for change of venue would be reconsidered at the time of the voir dire of the jury. The defendant did not designate the voir dire of the jury for inclusion in the record on appeal, and therefore we must conclude that there was no further showing of prejudice and that the trial court did not abuse its discretion in denying defendant's motion.

■ Defendant's complaint in his second proposition is that he was not present in person at the time of the hearing upon the motion for change of venue discussed above. The record reflects that counsel in open court waived defendant's right to be present during that proceeding. Defendant's argument is that he was thereby denied his constitutional and statutory right

to be present at all times during the trial; a right which cannot be waived. Rigsby v. State, 55 Okl.Cr. 61, 24 P.2d 1016 (1933) is conclusive upon this question:

"It is not necessary for a defendant to be present in court at the trial, except from the beginning of the impaneling of the jury until the verdict is recorded and the jury finally discharged. Motions for change of venue, for a new trial, in arrest of judgment, and proceedings of that character, not being a part of the trial proper, the presence of defendant is not required." 24 P.2d at 1018.

In his final proposition the defendant contends that the trial court erred in overruling his motion for a sanity hearing, and in refusing to submit the issue to a jury. The record reveals that less than thirty days prior to the trial of this case the defendant was released from Central State Hospital wherein he had been committed for psychiatric observation. He was released with a letter certifying that the defendant was not mentally ill according to the laws of the State of Oklahoma; that he was able to distinguish between right and wrong, and capable of assisting an attorney in his own defense. Immediately prior to trial the defendant again raised the issue of present sanity and requested that a jury determine that issue as provided by 22 O.S.1971, § 1162. The trial court denied defendant's motion only after a hearing wherein the defendant called three witnesses, and after calling a recess and talking personally to the defendant in chambers. We have carefully reviewed those portions of the record relevant to this question and conclude that the court did not err in determining that no legal doubt of defendant's sanity arose; therefore there was no abuse of discretion in the trial court's refusal to submit the issue to a jury.

For the above and foregoing reasons we are of the opinion that the judgment and sentence appealed from should be and the same is hereby affirmed.

BLISS, P. J., and BUSSEY, J., concur.