Daniel Hoffman, J.
The defendant is charged with the possession of an imitation pistol in violation of subdivision g of section 438-5.0 of the Administrative Code of the City of New York. The only issue raised upon this motion to dismiss the information is the constitutionality of this section.
*254 The defendant contends that subdivision g of section 436-5.0 is unconstitutional on the grounds: (1) the Penal Law, as set forth in article 265, pre-empts any local legislation in regard to imitation pistols; (2) it is in conflict with subdivision 9 of section 265.05 of the Penal Law; and (3) it was an arbitrary and unjustified exercise of municipal police powers.
■Subdivision 9' of section 265.05 of the Penal Law provides : “ Any person who has in his possession any * * * imitation pistol # * * with intent to use the same unlawfully against another is guilty of a class A misdemeanor ”.
Subdivision g of section 436-5.0 of the Administrative Code of the City of New York provides: “ It shall be unlawful for any person to * * * possess or use * * # any toy or imitation pistol or revolver which substantially duplicates an actual pistol or revolver, unless said imitation or toy pistol or revolver shall be colored in colors other than black, blue, silver or aluminum and further provided that the barrel of said toy or imitation pistol or revolver shall be closed with the same material of which the toy or imitation pistol or revolver is made for a distance of not less than one-half inch from the front end of said barrel.” (Emphasis added.)
At the onset this court finds it necessary to formulate a definition of an “imitation pistol,” as neither the Penal Law nor the Administrative Code sets forth a definition of the term. Under the Penal Law, an imitation pistol must be given its broadest definition, that is, any object which resembles an actual pistol in shape and/or function, since it is the illegal use and not the type of imitation pistol which is sought to be proscribed. The Administrative Code addresses itself to the possession of a certain type of imitation pistol — one which substantially duplicates a real pistol and is colored black, blue, silver or aluminum and which does not have its barrel blocked. Thus, the Penal Law contemplates an imitation pistol in the reality of its use, while the Administrative Code contemplates an imitation pistol in the reality of1 its appearance. Under both statutes, an imitation pistol is not an actual firearm which can discharge a projectile or acts by force of gunpowder (People v. Charles, 9 Misc 2d 181) nor is it an inoperable pistol which can be readily made operable (Matter of Don R. B., 66 Misc 2d 279).
Before beginning our consideration of .this case, this court finds it is useful and instructive to examine the state of the law in -regard to imitation pistols under the former Penal Law and the cases decided thereunder. Subdivision 1 of section 1897 of the former Penal Law made it illegal for a person to attempt *255 to use an imitation pistol against another and also to possess an imitation pistol with intent to use it unlawfully against, another. Furthermore, former section 1898 provided that possession of an imitation pistol was presumptive evidence of intent to use it in violation of subdivision 1 of section 1897.
In People v. Del Gardo (1 Misc 2d 821) the defendant was arrested for the possession of toy cap pistols in violation of subdivision g of section 436-5.0 of the Administrative Code of the City of New York. The court found that since section 1894-a of the Penal Law (presently Penal Law § 700.00, subd. 1) specifically permitted the use and sale of toy cap pistols “at all times,” subdivision g of section 436-5,0 1 ‘ interdicts without exception that which is permitted by State law ” and is invalid (supra, p. 825). The court further concluded that the inclusion of imitation pistols in section 1897 was an intention by the ¡State to legislate £ £ in all respects relative to the possession and use of imitation pistols ” so as to preclude any local legislation in that field (supra, p. 827).
Some three months later the court in People v. Klufus (1 Misc 2d 828) came to the opposite conclusion. Unlike the toy pistols in Del Gardo, Klufus involved a handmade wooden pistol, painted black and in size resembling a .45 calibre automatic, fitted with a metal barrel. The court determined the types of imitation pistols contemplated by the Penal Law were such in which powder of some form or another is used and that the State had done nothing in the field of “ toy or imitation pistol [s] or revolver[s] which substantially duplicates an actual pistol or revolver as used in the ordinance ” (supra, p. 833), and thus there was no State pre-emption in that field. It further concluded that subdivision g of section 436-5.0 was merely a regulative and not a prohibitory act seeking to control what the facts and circumstances of the conditions in New York City have shown to be the too often use of authentic looking imitation pistols in the perpetration of various crimes. This being the stated purpose of subdivision g of section 436-5.0, the legislation was in the proper scope of the local police power and the act was constitutional. Klufus was unanimously affirmed without opinion (2 A D 2d 958) and the predicate for affirmance in People v. Weinstein (5 A D 2d 698, affd. without opn. 4 N Y 2d 986).
There is a strong* presumption of the constitutionality o? ^rr legislative enactment, and the burden of demonstrating stitutionality rests upon the one asserting it Matter of Spielvogel v. Ford, 1 N Y 2d 558). A court of first instance should. *256 not seek .to set aside a legislative enactment unless the statute is unreasonable, arbitrary and the conclusion of unconstitutionality is inescapable (People v. Salerno, 17 Misc 2d 535; National Psychological Assn. v. University of State of N. Y., 18 Misc 2d 722, affd. 8 N Y 2d 197; McKinney’s Cons. Laws of N. Y., Book 1, Statutes, § 150, subd. a).
The Constitution of the State of New York (art. IX, § 2, subd. [c] pars. [i], [ii], cl. [10]), the Municipal Home Rule Law (art. II, § 10, [subd. 1], pars, [i], [ii], cl. [11]) and the New York City Charter (§ 27, subd. a) — all provide that our local government shall have the power to adopt and amend local laws, not inconsistent with the Constitution or any general law of the State, which relate to its property, affairs, or government, for the preservation of the public health, comfort, welfare and safety of its inhabitants.
The mere fact that a local law may deal with some of the same matters touched upon by State law does not render the local law invalid (People v. Lewis, 295 N. Y. 42). It is only when the State has evidenced a desire or design to occupy an entire field to the exclusion of local law that the city is powerless to act (Wholesale Laundry Bd. of Trade v. City of New York, 17 A D 2d 327, affd. 12 N Y 2d 998).
This court concludes that article 265 of the Penal Law does not so extensively treat the subject of imitation pistols as to evidence an intent or desire by the State Legislature that it be the sole and exclusiye legislation in this area. Article 265 of the Penal Law is aimed at the control and regulation of firearms and other dangerous weapons. As such, imitation pistols are included in the statute only when they are possessed with an intent to be used unlawfully against another person as a weapon. As to any other use or possession, the statute is silent.
Furthermore, unlike former section 1828 of the Penal Law there is no presumption of intent to use unlawfully against another which arises from the possession of an imitation pistol. Thus, our present statute regulates imitation pistols even less so than the former law, which was held not to pre-empt the field in Klufus and Weinstein. The failure to define an imitation pistol is further evidence that the Penal Law did not intend to be the .sole legislative word on the subject.*
The defendant further argues that by prohibiting possession an imitation pistol only in context of subdivision 9 of see *257 tion 265.05 of 'the Penal Law impliedly permits possession in all other circumstances. Such an argument is much .too broad. If this were the rule, the power of local governments to regulate ¡would. be illusory. Any time a State is silent on a subject, the likelihood is that a local law regulating that subject will prohibit something permitted elsewhere in the State. That is the essence of home rule (People v. Cook, 34 N Y 2d 100).
Thus, neither does the Penal Law pre-empt the field as to imitation pistols nor is it in conflict with the provisions of the Administrative .Code. Each seeks to regulate imitation pistols under its peculiar circumstances.
The remaining issue is whether the Administrative Code was a proper exercise of police powers.
The test for determining the constitutionality of a statute emanating from the exercise of police powers is whether the legislative ¡body had a reasonable basis upon which to act and whether the enactment is reasonably related to some actual manifest evil sought to be alleviated (Matter of Spielvogel v. Ford, 1 N Y 2d 558, supra; People ex rel. (Nechamcus v. Warden, 144 N. Y. 529). The question of the wisdom of the act is not for the courts to ¡decide (Grossman v. (Baumgartner, 17 N Y 2d 345). The court must only determine that the relationship between the end sought and the means adopted is not an illusory pretense (Chiropractic Assn. of N. Y. v. Hilleboe, 12 N Y 2d 109).
This court concludes here that subdivision g of section 436-5.0 is not only a proper and wise exercise of the police powers, but that the unfortunate .and ¡very real conditions in New York City have made it all too necessary. The rampant use of imitation pistols in the commission of crimes creates a terror .which magnifies the prime ¡horror ,of being a victim. And it is this very problem which is the gist of the ordinance.
Subdivision g of section 436-5.0 was introduced in .the New York City 'Council .in 1954. The report of1 the ¡Committee on General .Welfare (2 Proceedings of Council of City of N. Y., p. 475) accompanied the bill’s reintroduction in 1955 and stated: ‘ ‘ This bill has for its purpose .the prevention of the manufacture, sale, possession and use of toy pistols which are so closely imitative of real ones as to be used or usable for ¡nefarious purposes.” (Emphasis added.) (1 Proceedings of Council of City of N. Y., p. 74.)
Further, the Report of the Committee on General Welfare, from 1 Proceedings of Council of City of N. Y., p. 24 which accompanied the final version of the bill containing subdivision g *258 of section ¡436-6.0 of the Administrative .Code of1 the City of New York, stated that:
“ This hill will forbid the sale, possession or use of any toy or imitation pistols or .revolvers where same are substantial duplicates of actual pistols or revolvers unless same have a closed barrel and are finished in colors other than black, blue, silver, or aluminum.
“ This ¡bill does not forbid or restrict' the sale, possession or use of true toy pistols or revolvers, provided same are not substantial duplicates of actual pistols or revolvers.
“ This bill does not forbid or restrict the sale, possession or use of the vast majority of toys referred to by .the manufacturers as western models, where said toy does not substantially duplicate actual models # * *
“ The purpose of this bill is to prevent the sale, possession or use of models so closely copied from /actual weapons as not to be readily discernible as toys.” (Emphasis added.)
As stated in Klufus (supra, pp. 830-831): “ The city council, being faced with* a newly developed crime, under the guise of a newly developed weapon, an illegitimate implement of thugs and brutes in carrying out their unlawful purposes, for the safety of the public peace and in the exercise of .the police power, has used the means within its discretion and passed a regulative act, not a prohibitory act.- It only prohibits the sale, possession, and use of imitation pistols and revolvers, surrounding it with stringent tests as to size, color, and barrel and declared that these and only these come within such regulation.”
The motion is denied.

Grimm v. City of New York (56 Misc 2d 525) where the court hela uv.'.-, 265 of the Penal Law does not even pre-empt the field of prearm control and that the city may legislate in regard to rifle and shotgun permits and eligibility therefor.