Kenneth MEREDITH, Appellant,

v.

UNITED STATES, Appellee.

No. 8176.

District of Columbia Court of Appeals.

Argued Jan. 16, 1975.

Decided Aug. 7, 1975.

**318**

Robert E. McMillen, Washington, D. C., appointed by the court, for appellant.

John H. Bayly, Jr., Asst. U. S. Atty., with whom Earl J. Silbert, U. S. Atty., John A. Terry, James F. McMullin and Albert H. Turkus, Asst. U. S. Attys., were on the brief, for appellee. Douglass J. McCollum, Asst. U. S. Atty., entered an appearance for appellee.

Before REILLY, Chief Judge, and KERN and YEAGLEY, Associate Judges.

PER CURIAM:

Appellant was found guilty after trial by jury of robbery while armed.[1] He asserts on this appeal that the instruction given the jury by the trial court broadened the range of offenses which it could consider beyond that stated in the indictment, thereby effectively amending the indictment in violation of appellant's constitutional right

---

1. D.C.Code 1973, §§ 22–2901, 22–3202. The jury made no finding on related charges of robbery and assault with a dangerous weapon.

to indictment by grand jury. We affirm the conviction.

The indictment returned against appellant charged, in relevant part, that he robbed the complainant "while armed with a dangerous weapon, that is, a pistol." The evidence adduced at trial showed that the robbery was committed with a .22 caliber starter pistol. A government witness testified that the gun could "probably" be modified into an operable firearm, but there was no evidence that it had been so modified. The trial court instructed the jury, over defense counsel's objection,[2] that it could convict appellant if it found he was armed with "any pistol or firearm or imitation thereof."

Appellant concedes that the instruction accurately reflected the statutory definition of armed robbery.[3] He argues, however, that, under the indictment as it was phrased in this case, the jury could convict only if it found that he was armed with a genuine pistol, or at the very least, with an inherently dangerous weapon. He distinguishes imitation firearms from pistols and other dangerous weapons, and asserts that a conviction for use of an imitation weapon may not be had under an indictment charging an offense while armed with a pistol or dangerous weapon. Correlatively, appellant asserts that use of an imitation pistol must be specifically alleged in the indictment, since it is not generically a dangerous or deadly weapon as are the others enumerated in § 22–3202. Further, it is argued that an indictment charging any armed offense must specify the weapon used in order sufficiently to inform the defendant of the nature of the charges against him. Applying these principles to the instant case, appellant urges that the government was bound by the grand jury's choice of "a dangerous weapon, that is, a

pistol", and that the instruction allowing the jury to convict if it found any of a broader range of weapons was used in the crime impermissibly amended the indictment to include offenses not passed upon by the grand jury.

An accused in a serious criminal case is constitutionally entitled to be tried on an indictment which has in each material particular been approved by a grand jury. *Gaither v. United States,* 134 U.S. App.D.C. 154, 164, 413 F.2d 1061, 1071 (1969). The indictment therefore cannot be amended, literally or constructively, except by resubmission to the grand jury. *Stirone v. United States,* 361 U.S. 212, 80 S.Ct. 270, 4 L.Ed.2d 252 (1960). A sufficient indictment, however, need only allege the elements of the offenses intended to be charged, so as to notify the defendant of the charges he must meet, and afford him protection from reprosecution for the same offenses. *Russell v. United States,* 369 U.S. 749, 763–64, 82 S.Ct. 1038, 8 L.Ed.2d 240 (1962); *United States v. Debrow,* 346 U.S. 374, 376, 74 S.Ct. 113, 98 L.Ed. 92 (1953). It is to consist of "a plain, concise and definite written statement of the essential facts constituting the offense charged." Super.Ct.Crim.R. 7(c). Minor discrepancies between the allegations of the indictment and the proof adduced at trial do not require reversal of a conviction unless they impair the substantial rights afforded the accused by the grand jury clause. *Berger v. United States,* 295 U.S. 78, 55 S.Ct. 629, 79 L.Ed. 1314 (1935).

In our view, the instant case involves neither amendment of the indictment nor prejudicial variance requiring reversal of the conviction. The issue raised here is similar to the issue considered in *Jackson v. United States,* 123 U.S.App.D.C. 276, 359 F.2d 260, *cert. denied,* 385 U.S. 877, 87 S.

---

2. Appellant requested an instruction that he could be convicted under the indictment only if the jury found he was armed with "a pistol as such, that is, a pistol in the sense of arm or firearm."

3. D.C.Code 1973, § 22–3202 provides for punishment of one who commits a crime of violence while "armed with or having readily available any pistol or firearm (or imitation thereof) or other dangerous or deadly weapon . . . ."

Ct. 157, 17 L.Ed.2d 104 (1966). The defendant in *Jackson* was charged with robbery by an indictment which alleged that he took property from the complainant "by force and violence and against resistance and by putting in fear . . . ." The evidence at trial showed a taking by "sudden or stealthy seizure or snatching", a method of committing the offense which is included in the statutory definition of robbery [4] but which was omitted from the indictment. The judge instructed the jury that it could convict on the evidence presented. The federal Court of Appeals held the indictment was a sufficient basis for the conviction on the theory that it alleged the critical element of the offense of robbery —a taking by force and violence. The remainder of the description of the offense, which specified the manner of committing it, was surplusage, and the variance between the allegation and proof was held to be harmless.

■ This court ruled in *Harris v. United States,* D.C.App., 333 A.2d 397 (1975), that an imitation or blank pistol is a "dangerous weapon" when it is in fact used as a weapon in an assault. The defendant in *Harris* was charged with assault with a dangerous weapon, but we are of opinion, for the reasons expressed in *Harris,* that an "imitation" or blank pistol is to be considered a "dangerous or deadly weapon" under § 22–3202 as well.[5] We conclude, therefore, that the allegation that this robbery was committed with a "dangerous weapon" was sufficient to encompass the fuller definition of the means by which the offense could be committed which was contained in the jury instruction.

■ The remaining question, then, is whether an indictment need allege the specific type of weapon used in perpetrating the offense of armed robbery. We think not. The critical added element of § 22–3202 is that the crime is committed by one armed with a dangerous or deadly weapon. This list of weapons in that section merely catalogues the ways in which the offense may be committed. Such specific facts need not be included in the indictment and when they are included are surplusage. *Jackson v. United States, supra,* at 278–79, 359 F.2d at 262–63.

■ The indictment in this case charged appellant with robbery while armed with a dangerous weapon, and the proof adduced at trial showed that he was so armed. The court's instruction, rather than amending the indictment, did no more than explain the charges contained therein more fully than did the indictment itself. Appellant has not pressed a contention that he was prejudiced by a variance between the allegation that a pistol was used in the robbery and the proof presented at trial, and we agree that such variance, if any, was harmless.[6]

Accordingly, the judgment is

*Affirmed.*

---

4. D.C.Code 1973, § 22–2901.

5. It is not required in this jurisdiction that the government prove that the gun used in an armed offense was loaded or operable. *United States v. Prater,* 149 U.S.App.D.C. 188, 462 F.2d 292 (1972) ; *United States v. Stevenson,* 143 U.S.App.D.C. 246, 443 F.2d 661 (1971). Testimony that an object which appeared to be a gun was involved is sufficient to show use of a dangerous weapon.

6. This case is analogous to *United States v. Marshall,* 153 U.S.App.D.C. 83, 471 F.2d 1051 (1972). The defendant in that case was charged with murder by shooting the decedent with a pistol, while proof at trial showed the crime was committed with a sawed-off shotgun. The court held that since the description of the weapon used was not essential to the charge and no prejudice to the accused was shown, the discrepancy was only a harmless variance and not reversible error.

This is not a case, as was *Stirone v. United States, supra,* where a set of facts wholly different from that presented to the grand jury was relied on by the prosecution at trial. *See Jackson v. United States, supra* at 279, 359 F.2d at 263. There is no contention, therefore, that the indictment was constructively amended by variance.