**STATE of Iowa, Appellee,**

v.

**Jerry Leroy LAWR, Appellant.**

**No. 60234.**

Supreme Court of Iowa.

March 22, 1978.

Louis M. Fusco and Stephen A. Hall, Indianola, for appellant.

Richard C. Turner, Atty. Gen., Lona Hansen, Asst. Atty. Gen., and John Criswell, Warren County Atty., for appellee.

Considered by REYNOLDSON, Acting C. J., and LeGRAND, REES, HARRIS, and McCORMICK, JJ.

LeGRAND, Justice.

This appeal arises out of a senseless series of events which occurred when defendant, without cause or purpose, placed a starter's pistol against one Diane Smith, pulled the trigger, and inflicted a slight bruise and powder burn upon her body. He was convicted of violating § 695.1, The Code, and sentenced to a term of not more than five years in the men's reformatory. This sentence was suspended conditionally if defendant committed himself for treatment at the Iowa Men's Residential Facility in Des Moines. Defendant appeals and we reverse. The case was tried and is considered here on the law as it was prior to January 1, 1978, the effective date of the new Iowa Criminal Code.

I. Although defendant raises a number of issues, the determinative question is whether a starter's pistol is either a revolver or a dangerous weapon under our statute. The statute provides as follows:

"Any person who with intent to use the same unlawfully against the person of another goes armed with a pistol, revolv-

er, or other firearm, * * *, or other dangerous or deadly instrument shall be guilty of a felony and on the conviction thereof shall be punished by a fine not to exceed one thousand dollars or imprisonment in the state prison for not more than five years, or by both such fine and imprisonment, in the discretion of the court."

On the night of the alleged offense, Diane Smith was elected president of the Union Hawkeyes 4–H Club. Following the business meeting of this organization, there was a social hour during which defendant and others entered the meeting room. Defendant had with him a starter's pistol owned by one of his friends. A group of young people, including defendant, had been testing the pistol outside the building just prior to this time. For some reason which even now remains unexplained, defendant placed the pistol against Diane's side and pulled the trigger two or three times. On either the second or third pull, it discharged, causing a red spot or welt on her side about three or four inches in diameter. She received medical attention, but the injury was neither serious nor permanent.

Defendant was arrested and charged with violating § 695.1. He has at all times maintained he intended the incident to be a joke and had no intention of hurting anyone. He did not know Diane Smith at this time. The record shows no reason he should want to harm her.

A starter's pistol, as its name suggests, is designed to be used at track meets and other athletic events to signal the start, or finish, of a contest. The barrel of the one used by defendant was plugged. It could not fire a cartridge or bullet both for that reason and because its construction would not permit a cartridge to move into the firing position. The pivotal question is whether the starter's pistol is a revolver under our statute. The jury was told it was as a matter of law.

The question before us has never been decided by this court. We have held that an unloaded standard gun is a dangerous weapon under § 711.2, the Code, defining robbery with aggravation. *See State v. Ashland*, 259 Iowa 728, 730, 145 N.W.2d 910, 911 (1966). Most other courts hold the same, but we believe such cases are distinguishable from the present one because they involve the element of fear. Whether a gun is loaded or unloaded, the effect on the victim is the same. As we said in *Ashland* one facing a gun in the hands of a robber should not be required to ask if it is loaded. The statute now before us has no comparable provision.

Section 695.1 prohibits a person from going armed with a pistol, revolver, or *other firearm*. For present purposes we do not distinguish between pistol and revolver. Before a weapon can be a pistol or revolver under this statute, it must first be a firearm. The term "firearm" is not there defined, but the ordinary definition describes it as "a small arms weapon from which a projectile is fired by gunpowder." The Random House Dictionary (1966), page 534; Webster's International Dictionary (2d Ed. 1961), page 951. The weapon defendant used could not fire a projectile or bullet. Not only was the barrel plugged, but its design was such it could not be adapted or modified to do so. The trial court found that the weapon was a revolver under the statute because it was capable of firing a blank cartridge or cap and because its cylinder revolved. We believe this was error.

A number of states hold a weapon must first be a firearm before it is a pistol or revolver. *People v. Hayden*, 30 Cal.App.3d 446, 106 Cal.Rptr. 348, 353 (1973) *overruled in part on other grounds in People v. Rist*, 16 Cal.3d 211, 127 Cal.Rptr. 457, 545 P.2d 833 (1976); *Bright v. State*, 125 Neb. 817, 252 N.W. 386, 387 (1934); *Schraeder v. State*, 28 Ohio App. 248, 162 N.E. 647, 648 (1928). Other cases which lend support to this view are *Hutton v. People*, 156 Colo. 334, 398 P.2d 973, 975 (1965); *Muse v. Interstate Life & Accident Co.*, 45 Ga.App. 839, 166 S.E. 219, 220 (1932); *State v. Rackle*, 55 Haw. 531, 523 P.2d 299 (1974); *State v. Christ*, 189 Iowa 474, 177 N.W. 54, 56–57 (1920); *State v. Barr*, 340 Mo. 738, 102

S.W.2d 629, 632 (1937); *State v. Matthews*, 67 Ohio Op.2d 190, 322 N.E.2d 289, 291 (1974); *Coleman v. State*, 506 P.2d 558, 560–561 (Okl.Crim.1972); *Thompson v. State*, 488 P.2d 944, 947 (Okl.Crim.1971) *overruled in part on other grounds in Meadows v. State*, 520 P.2d 381 (Okl.Crim.1974); *Kuhns v. Brugger*, 390 Pa. 331, 135 A.2d 395 (1957); *Ruiz v. State*, 368 S.W.2d 609, 610 (Tex.Crim.App.1963).

Almost universally courts have held a firearm must meet two requirements. It must be able to propel a projectile and it must do so by explosive force. In *Thompson v. State*, 488 P.2d at 947 the court said:

"A 'firearm' has been defined by the courts as a weapon from which a shot or projectile is discharged by force of a chemical explosive such as gunpowder."

*See also People v. Webb*, 78 Misc.2d 253, 356 N.Y.S.2d 494 (N.Y.C.Crim.Ct.1974); *Schmit v. Guidry*, 204 So.2d 646, 648 (La.Ct. of App.1967).

In *Coleman v. State*, 506 P.2d at 560, the court relied on an Oklahoma statute defining a firearm as any "instrument capable of discharging a projectile composed of any material which may be reasonably expected to cause lethal injury and using either gunpowder, gas or any means of rocket propulsion, but not to include flare guns, underwater fishing guns, or *blank pistols*." (Emphasis in original). While this statute is dissimilar to ours, the court went on to say:

"Such [statutory] definition conforms strongly to the prevailing case law in the various states now and at the time of the offense charged in the information * * *."

We, too, believe that this is the prevailing view expressed by most other courts. In *State v. Matthews*, 322 N.E.2d at 291, in an armed robbery case, the court said:

"[We] hold that a .22 caliber starter gun incapable of discharging a bullet or projectile, and not used or offered to be used as a club or bludgeon, cannot be deemed either a pistol or a dangerous weapon for purposes of [the armed robbery statute]."

For examples of contra authority, which we find unpersuasive, *see Meredith v. United States*, 343 A.2d 317 (D.C.App.1975) and *Jackson v. State*, 231 Md. 591, 191 A.2d 432 (1963).

■ The evidence here is undisputed that this starter's gun could not fire a bullet or projectile. We believe the trial court erred in instructing the jury the instrument was a .22 caliber revolver.

II. Although this disposes of one issue, there still remains the question whether the starter's pistol might nevertheless come within the term "other dangerous or deadly instrument" as used in § 695.1. We hold it could not.

■ Penal statutes are strictly construed. Doubts are resolved in favor of the accused. *State v. Conley*, 222 N.W.2d 501, 502 (Iowa 1974).

■ The specific instruments mentioned in § 695.1 are "pistol revolver, or other firearm, dagger, dirk, razor, stilletto, or knife having a blade of three inches in length." All are instruments which in their intended or readily-adaptable use are likely to produce death or serious bodily injury. A starter's pistol is not of the same kind, class, character or nature. It is not a weapon per se and may not readily be used to cause death or serious bodily injury.

Under a comparable statute, employing similar reasoning, the Hawaii Supreme Court held a flare gun was not deadly or dangerous. *See State v. Rackle*, 55 Haw. 531, 523 P.2d 299, 303 (1974) ("it would be anomalous to hold that an instrument which is not designed as an offensive weapon is deadly or dangerous within the meaning of [the statute]").

Other authorities are in general accord. *State v. Arpino*, 24 Conn.Sup. 85, 1 Conn. Cir. 412, 186 A.2d 827, 830 (1962) (a dangerous or deadly weapon is one which, when used in the ordinary manner contemplated by its design and construction, will, or is likely to cause death or great bodily injury); *In the Matter of Don R. B.* (N.Y.Fam.Ct. 1971) 66 Misc.2d 279, 320 N.Y.S.2d 813, 815 (pistol incapable of discharging a bullet

may still be a dangerous weapon, but only if it can be readily adapted to such use); 79 Am.Jur.2d Weapons and Firearms § 1; 94 C.J.S. Weapons § 6c. *Cf. State v. Hill,* 258 Iowa 932, 140 N.W.2d 731 (1966); § 702.7, 1977 Code Supp.

We hold as a matter of law the starter's pistol used by defendant is not a dangerous or deadly instrument under § 695.1.

■ III. Defendant's conduct was criminal beyond question. He was surely guilty of an assault, either simple or aggravated, depending on what a jury might have found if such a charge had been brought. The state simply accused him under the wrong statute.

Defendant's motion for directed verdict should have been sustained on the basis of our holdings in Divisions I and II. We reverse and remand for entry of an order of dismissal.

REVERSED AND REMANDED.