# COUNTY COURT — KINGS COUNTY.

## June, 1920.

## THE PEOPLE v. ISIDORE BECKER.

### (112 Misc. 427.)

APPEAL—WHEN JUDGMENT OF CONVICTION REVERSED—BREACH OF THE PEACE—MEANING OF "PUBLIC PLACE"—NEW YORK CITY CONSOLIDATION ACT (LAWS OF 1882, CHAP. 410), §§ 1458(3), 1459.

A private dwelling is not a "public place" within the meaning of section 1458 of the New York City Consolidation Act (Laws of 1882, chap. 410).

Where on appeal from a judgment of conviction for a violation of subdivision 3 of section 1458 of the New York Consolidation Act, it appears that the acts of defendant complained of were not committed in a public place, and no claim is made by the district attorney that the public was in fact disturbed or that any one except the complainant knew of defendant's alleged improper behavior, the judgment of conviction will be reversed and the defendant discharged.

The phraseology used in the complaint, as well as in the warrant, being in the precise wording of said section 1458(3), and there being nothing either in the warrant or judgment to show that the magistrate found that in his opinion the conduct of the defendant was such as tended to create a breach of the peace under section 1459 of said Consolidation Act, the judgment of conviction cannot be sustained thereunder.

APPEAL from a judgment of conviction.

*Albert A. Burdick,* for appellant.

*Harry E. Lewis, District Attorney (Harry G. Anderson, Assistant District Attorney),* for respondent.

McDERMOTT, J.:

In view of the importance of the question involved upon this appeal, the court, upon the district attorney's application, granted a reargument. The court's previous decision appeared in the New York Law Journal of May 24, 1920.

The proof upon the trial tended to show, as stated in the court's previous memorandum of reversal, the commission of acts serious in their nature. They were not, however, committed in a public place. There is no claim by the district attorney, as the court understands it, that the public was in fact disturbed or that anyone except the complainant knew of defendant's improper behavior. The district attorney, however, argues that although the acts were not committed in a public place, the conviction should be sustained under section 1459 of the Consolidation Act (Laws of 1882, chap. 410), as "such disorderly conduct as in the opinion of" the magistrate tends to a breach of the peace.

In deciding the question mooted upon this appeal, it is unnecessary for the court to consider to what extent an appellate court would be concluded by "the opinion" of a magistrate as to the tendency of acts or conduct proved in a particular case. It cannot, however, be seriously doubted that such opinion of a trial magistrate is subject to the revisory power of an appellate court. To hold otherwise would confer upon magistrates, without limit or restraint, the power to determine according to their individual views the criminality of acts and conduct, and thus the defendant's right to appeal would be empty and fruitless. The court is not insensible of the difficulty of framing legislation which would anticipate and punish every act of misconduct, in a cosmopolitan city like the city of New York, a difficulty which was pointed out by Judge Goff in Cohen v. Warden of Workhouse (150 N. Y. Supp. 596). On the other hand, where deprivation of liberty for a considerable period of time may follow conviction, equally strong reasons of public policy incline against a construction of law which would

confer upon magistrates, without the right of review, the power to make their variable opinion the test of criminality.

The New York City Consolidation Act (Laws of 1882, chap. 410) is entitled: "An act to consolidate into one act and to declare the special and local laws affecting public interests in the city of New York."

The Consolidation Act does not purport to be a revision but a consolidation of the various laws which affect New York City.

Section 1458 of the act, so far as material to this case, provides: "Every person in said city and county shall be deemed guilty of disorderly conduct that tends to a breach of the peace, who shall in any thoroughfare or public place in said city and county commit any of the following offenses, that is to say * * *

"3. Every person who shall use any threatening, abusive, or insulting behavior with intent to provoke a breach of the peace or whereby a breach of the peace may be occasioned."

It is to be noted that to be guilty of a violation under section 1458, the acts and conduct must have been committed in a "thoroughfare or public place in said city." The court is of the opinion that "any thoroughfare or public place in said city" would not include a private dwelling where, as in the present case, the acts and conduct complained of did not come to the knowledge of anyone save the complainant. There may, of course, be cases where, although the acts and conduct may be committed in a private place, the results of such acts and conduct may be transmitted to persons upon public streets or thoroughfares and thus tend to a breach of the peace. To illustrate: If, in the present case, the remarks of the defendant were made in a sufficiently loud tone to attract the attention of persons passing on the street, a conviction under section 1458 might be sustainable.

This brings us to the question as to whether the conviction, in the present case, can be sustained under section 1459 of the Consolidation Act, which provides: "Whenever it shall appear, on oath of a credible witness before any police justice in said

city and county, that any person in said city and county has been guilty of any such disorderly conduct as in the opinion of such magistrate tends to a breach of the peace, the said magistrate may cause the person so complained of to be brought before him to answer the said charge."

This section, together with section 1458, was continued in existence and extended to the city of New York, as now constituted, by section 1610 of the Greater New York Charter. (See People ex rel. Frank v. Davis, 80 App. Div. 448, affd. 176 N. Y. 465, 18 N. Y. Crim. 20; People ex rel. Smith v. Van De Carr, 86 App. Div. 9, 17 N. Y. Crim. 455; People ex rel. Clark v. Keeper, 176 N. Y. 465; People ex rel. St. Clair v. Davis, 143 App. Div. 579; People v. Mansi, 129 id. 386.) The offense defined in section 1459 of the Consolidation Act was enacted, in its present form, in 1833. (Laws of 1833, chap. 11, § 8.)

Section 1458 is of later origin. Its forerunner will be found in the Laws of 1860, chapter 508.

It has been decisively ruled that the offense defined by section 1458 and the offense defined by section 1459 are distinct and separate, and that the word " such " in section 1459 is not limited by the particularized cases of disorderly conduct enumerated in section 1458. (Matter of Twelve Commitments, 19 Abb. Pr. 394; People v. Mansi, 129 App. Div. 386.)

In view of the conclusion which the court has reached it is unnecessary, at this time, to consider or decide whether the proof in the present case would bring the defendant within section 1459 of the Consolidation Act. This conclusion is that the defendant was not charged or convicted of that offense.

The information or complaint is upon a printed form. It charges the defendant with " using threatening, abusive and insulting behavior with intent to provoke a breach of the peace and whereby a breach of the peace may be occasioned." This is followed by a statement of the facts. The warrant which is included in the magistrate's return contains a recital in which

the same phraseology is employed. Upon the back of the original papers there is the printed indorsement: " Def't found guilty." It will be observed that the phraseology used in the complaint as well as in the warrant follows precisely the wording of subdivision 3 of section 1458 of the Consolidation Act. There is nothing in the complaint to indicate to the defendant that he was charged with violating section 1459 of the Consolidation Act. Nor is there anything in the warrant or judgment of conviction which would show that the magistrate has found that, in his opinion, the conduct of the defendant was such as tended to a breach of the peace under section 1459 of the Consolidation Act.

The court is not ignorant of the fact that the proceedings of these summary trials are conducted with less formality than in courts of record upon trials of serious offenses. But the right of an accused to be fairly apprised of the specific offense which he is charged with having committed is substantial and should not be withheld from him. This right has been referred to and enforced in a recent case decidde by the Appellate Division in the Second Department. (People v. Brown, 191 App. Div. 708.) If the record in the present case had shown that the defendant had been charged, tried and convicted of a violation of section 1459 of the Consolidation Act, the question as to whether the conviction would be sustainable under that section, as argued by the district attorney, would be presented. The court is of the opinion that a revision of the forms used in charges of disorderly conduct tending to a breach of the peace is necessary. Where it is sought to charge the offense of disorderly conduct, which, in the opinion of the magistrate, tends to a breach of the peace under section 1459 of the Consolidation Act, the information or complaint should be phrased so that the accused will be apprised thereof. And the warrant, if any, as well as the judgment of conviction, should indicate that they are based upon the conclusion and opinion of the magistrate

that the acts and conduct tend to a breach of the peace, which is necessary to bring the offense under section 1459.

For reasons indicated, the court, upon reargument, is constrained to reverse the judgment and direct that the defendant be discharged.

Judgment reversed.