In re Habeas Corpus of Gurney Will LUCKENS.

No. A–13214.

Court of Criminal Appeals of Oklahoma.
June 6, 1962.

Valdhe F. Pitman & Malcolm Baucum, Oklahoma City, for petitioner.

James H. Harrod, County Atty., Oklahoma County, John M. Amick, Asst. County Atty., Oklahoma County, for respondent.

BUSSEY, Judge.

This is an original proceeding in habeas corpus wherein the petitioner, Gurney Will Luckens seeks his release from confinement.

The record shows that on the 13th day of March, 1961, the petitioner was sentenced by the District Court of Oklahoma County,

Oklahoma, on his plea of guilty to a charge of Burglary in the Second Degree, District Court Case No. 26929, to a term of four years in the State Penitentiary at McAlester, Oklahoma, which judgment and sentence was suspended under the terms and conditions of title 22 Okl.St.Ann. § 992.

On the 21st day of October, 1961, the County Attorney of Oklahoma County caused to be filed an application in the District Court of Oklahoma County to revoke the suspended sentence, to which application the petitioner demurred, and after the demurrer was overruled, hearing was held before the Honorable Boston Smith, one of the District Judges in and for Oklahoma County. Said hearing was adjourned from time to time and on the 23rd day of March, 1962, Judge Smith entered an order revoking said judgment and sentence.

On April 5, 1962, the petitioner filed an original proceeding in habeas corpus in this court and oral argument was held thereon on April 12, 1962. This matter has been submitted on the record, the arguments, and briefs of the petitioner and the respondent.

It is the petitioner's contention that the court erred in overruling the petitioner's demurrer to the State's application to revoke the judgment and sentence by reason of the vagueness and uncertainty of said application, and for the further reason that it did not sufficiently apprise the petitioner of the specific violation or violations of the terms of his suspended sentence with such particularity as to enable him to adequately and properly prepare his defense.

The application to revoke filed herein reads as follows:

"Comes now James H. Harrod, the duly elected, qualified and acting County Attorney of Oklahoma County, Oklahoma, and shows to the Court that heretofore the above named defendant was charged by information in the District Court of Oklahoma County with the crime of Burglary in the Second Degree and thereafter on the 13th day of October, 1961, the Defendant having entered a plea of Guilty to said charge before the Hon. Fred Daugherty, one of the District Judges in and for the District Court of Oklahoma County, Oklahoma, said defendant was sentenced to serve a term of Four (4) years in the State Penitentiary at McAlester, Oklahoma, and said Judgment and Sentence was thereupon suspended by the Court upon the terms and conditions as shown in said Judgment and Sentence. The Court is further informed that the defendant Gurney Will Luckens has subsequently failed to comply with the terms of his suspended sentence.

"Wherefore, the State prays that said suspended sentence in the above entitled cause be revoked and said defendant required to serve his term in the State Penitentiary at McAlester, Oklahoma, all as provided in the original Judgment and Sentence."

In support of defendant's argument, he cites the following cases: Ex Parte Boyd, 73 Okl.Cr. 441, 122 P.2d 162; People v. Becker, 112 Misc. 427, 184 N.Y.S. 395, 38 N.Y.Crim. 395; George v. State, 99 Ga. App. 892, 109 S.E.2d 839; People v. Rudnik, 333 Mich. 216, 52 N.W.2d 671; Ex Parte Bobowske, 313 Mich. 521, 21 N.W.2d 838.

Defendant relies upon the language used in Ex Parte Boyd, supra, wherein the court stated:

"That the better practice would be for the trial judges to require county attorneys to file a written accusation against accused, setting forth the conditions of the suspended sentence which are alleged to have been violated."

While it is unquestionably true that the "better practice" would be for the County Attorney "to file a written accusation, setting forth the conditions of the suspended sentence which are alleged to have been violated," a careful examination of Title 22 Okl.St.Ann. § 992 and of the cases interpreting the same reveals that

such a requirement is not provided for either under the provisions of the said section or the cases interpretive thereof. The terms of the statute are clear and unambiguous. It provides that:

"Any person so released as provided in the preceding Section shall be required to report to the Judge of the Court wherein convicted, at each succeeding term during the pendency of said judgment, or when required by the Court or Judge, and prove to the satisfaction of said Judge by two citizens of said County of good reputation, that said person has not violated any law, and has been a quiet, peaceful and law abiding citizen. Provided, that if it shall be made to appear to said Judge that said person so released has been guilty of a violation of any law after his said release, or is habitually associating with lewd or vicious persons, or is indulging in vicious habits, in that event said Court shall cause a warrant to be issued for said person, and he shall be delivered forthwith to the place of confinement to which originally sentenced, and shall serve out the full term for which he had originally been sentenced."

■■ While we believe that an application to revoke a suspended sentence should apprise the accused of the specific grounds upon which the state seeks to revoke, we are not unmindful that our function is to determine the interpretation of legislative acts and not to attempt to usurp the legislative functions of government by judicial decree. We are not impressed with the argument that failure to set forth the specific grounds for seeking revocation is a violation of the defendant's constitutional rights under the due process provisions of the Federal and state constitutions.

■ The proceeding here involved is one which has been characterized as a summary proceeding which is neither subject to nor regulated by the strict rules of criminal procedure and practice as provided by the penal statutes of the State of Oklahoma.

This view was best expressed by the Honorable Judge Cherry in State v. Zolantakis, 70 Utah 296, 259 P. 1044, 1049, 54 A.L.R. 1463, wherein he said:

"In exercising the powers conferred by the statute in question from the nature of the subject, courts must necessarily have a large discretion not only in respect of the grounds upon which they act, but in the method or procedure by which they ascertain facts and arrive at conclusions. They are not dealing with specific legal rights and are not bound by the standards of legal procedure which usually control judicial proceedings. This is comprehended within the very generally approved rule that an order suspending sentence may be revoked without granting the defendant a trial upon the facts. It logically follows that courts may ascertain facts upon which to act in any manner they see fit, and act upon them, provided only that their proceedings and conduct on the whole are not capricious or arbitrary or a manifest abuse of discretion."

In Burns v. United States, 287 U.S. 216, 53 S.Ct. 154, 155, 77 L.Ed. 266, Chief Justice Hughes defined the role of suspension of sentence and revocation, in the following manner;

"First. Petitioner objects to the summary character of the proceeding. He urges that he was entitled to previous notice of specific charges of violation of the terms of probation and to a hearing upon such charges according to the established rules of judicial procedure. * * *

" * * * The Federal Probation Act * * *, confers an authority commensurate with its object. It was designed to provide a period of grace in order to aid the rehabilitation of a penitent offender; to take advantage of an opportunity for reformation which actual service of the suspended sentence might make less probable. [Citation.] Probation is thus con-

ferred as a privilege and cannot be demanded as a right. It is a matter of favor, not of contract. There is no requirement that it must be granted on a specified showing. The defendant stands convicted; he faces punishment and cannot insist on terms or strike a bargain. To accomplish the purpose of the statute, an exceptional degree of flexibility in administration is essential. It is necessary to individualize each case, to give that careful, humane and comprehensive consideration to the particular situation of each offender which would be possible only in the exercise of a broad discretion. The provisions of the Act are adapted to this end. It authorizes courts of original jurisdiction, when satisfied 'that the ends of justice and the best interests of the public, as well as the defendant, will be subserved,' to suspend the imposition or execution of sentence and 'to place the defendant upon probation for such period and upon such terms and conditions as they may deem best.' * * * The question, then, in the case of the revocation of probation, is not one of formal procedure either with respect to notice or specification of charges or a trial upon charges. The question is simply whether there has been an abuse of discretion, and is to be determined in accordance with familiar principles governing the exercise of judicial discretion. That exercise implies conscientious judgment, not arbitrary action. [Citation.] It takes account of the law and the particular circumstances of the case and 'is directed by the reason and conscience of the judge to a just result.' [Citation.] While probation is a matter of grace, the probationer is entitled to fair treatment, and is not to be made the victim of whim or caprice."

In Ex Parte Boyd, supra, our court, expressed agreement with the reasoning of Chief Justice Hughes in regard to his statement that the revocation of probation, or "in our case of suspension of a sentence," should be a matter addressed to the sound judicial discretion of the trial judge. Our court noted that there is no provision for notice in Title 22 O.S.A. § 992, stating that:

"Nowhere in the statute appears any provision for notice to be given to the accused or for the filing of any accusation or for a hearing. The statute itself authorizes the court, when he is satisfied that the defendant has violated the conditions of the suspended sentence, to forthwith cause the defendant to be delivered to the place of confinement to which originally sentenced.

"As hereinabove noted, the power to suspend the execution of a sentence did not exist at common law, but the authority so conferred must be governed exclusively by the statute involved. There is no ambiguity in our statute. The hearing may be of a summary character. We suggest, however, that the better practice would be for the trial judges to require county attorneys to file a written accusation against accused, setting forth the conditions of the suspended sentence which are alleged to have been violated. The statute does not require this, however, but to avoid arbitrary action such a procedure should be followed. The trial judge, however, may find instances in which the accused fails to make the reports which are required under the terms of the suspended sentence, and a literal interpretation of the statute in such instance would authorize the court forthwith, without a hearing, to issue a bench warrant for the defendant and direct the sheriff to commit him to imprisonment.

"We are not inclined to go as far as some of the courts of last resort have gone in sustaining the power of the trial court to revoke a suspended sentence. We do, however, follow the reasoning of Chief Justice Hughes in

which he states that the revocation of probation, or in our case of suspension of a sentence, should be a matter addressed to the sound judicial discretion of the trial judge."

The Arizona courts have had occasion to pass upon the question of revocation of suspension of sentence. In Varela v. Merrill, 51 Ariz. 64, 74 P.2d 569, the Supreme Court of Arizona determined that suspension of sentence was within the trial court's discretion both in form and substance. Part of the syllabus, as set out in the Pacific Reporter, is as follows:

"1. The language of statute empowering court to suspend sentences is important in determining extent of court's power, since such power did not exist at common law.

"2. Where all constitutional and statutory guarantees have been observed in criminal prosecution, requirements of due process are fully satisfied, presumption of innocence is overcome, and hence suspension of sentence is not a matter of right but purely within trial court's discretion as respects both form and substance.

"3. When suspension of convicted defendant's sentence is revoked under statute, he need not be brought before court nor given hearing, though he must appear when new sentence is pronounced.

"4. Where record shows affirmatively that trial judge has ordered revocation of suspension of sentence and has pronounced sentence in defendant's presence, there is a conclusive presumption that trial judge had reason to believe, as required by statute, that defendant was violating conditions of probation, was engaging in criminal practices, or had become abandoned to improper associates or a vicious life.

"5. In habeas corpus proceeding by prisoner, attacking trial court's revocation of suspension of his sentence, record showing that court revoked suspension of sentence and that prisoner was present when he was sentenced is sufficient to sustain trial court's action."

The Arizona statute is similar to our statute in that no provision is made for an application to be filed to revoke the suspended sentence, or notice to be given, or for a hearing of any kind.

 We believe that the principles of law expounded in Varela v. Merrill, supra, and by Chief Justice Hughes are applicable to the case at bar. This being so, then the determinative issue in the instant cause is whether or not the action of the District Court of Oklahoma County in revoking the defendant's suspended sentence was arbitrary and capricious, or if there is evidence in the record which would support the action of the said court. In Valentine v. State, Okl.Cr., 365 P.2d 166, 168, this court said:

" * * * if the evidence presented before the trial court tended to any degree to establish a breach of the conditions set forth above (reference is to 22 OSA § 992) the order of the trial court should not be disturbed."

Defendant contends that there was insufficient evidence adduced at the hearing to support the revocation order of the District Court.

 However, we have carefully examined the record and are of the opinion that there is competent evidence sufficient to support the findings of the trial court. It was established at the hearing that the petitioner had loaned his automobile to a person with a police record and was in the company, the night of his (petitioner's) arrest, with another person with a police record.

Under these circumstances, we believe that the action of the trial court was not an abuse of its discretion, and for the reasons above set forth, we are of the opinion that the writ filed herein should be, and the same is, denied.

NIX, P. J., and BRETT, J., concur.