Leo Franklin COLEMAN and Steve Ralph Nichols, Appellants,

v.

The STATE of Oklahoma, Appellee.

No. A–16678.

Court of Criminal Appeals of Oklahoma.

Dec. 13, 1972.

As Corrected Dec. 14, 1972.

Rehearing Denied Feb. 23, 1973.

George Pendell, Jr., Oklahoma City, Don Anderson, Public Defender, Oklahoma County, for appellants.

Larry Derryberry, Atty. Gen., Sondra Leah Fogley, Asst. Atty. Gen., for appellee.

BLISS, Judge:

Appellants, Leo Franklin Coleman and Steve Ralph Nichols, hereinafter referred to as defendants, were charged, tried, and convicted in the District Court of Oklahoma County, Oklahoma, for the offense of Robbery with Firearms; their punishments were fixed at twenty-seven (27) years imprisonment for Coleman and fifteen (15) years for Nichols, and from said judgments and sentences a timely appeal has been perfected to this Court.

Edgar Carl Boone, Jr., testified that on September 13, 1970, he was employed as a clerk at Tom's Market, 3914 North Pennsylvania; Leo Franklin Coleman, a former employee, had initiated him into the job a few weeks earlier. About 5:00 a. m. on September 13, 1970, Coleman came into the store and told him he was going to get robbed. Besides the cash register money, other money was hidden in the Icee machine and Coleman told Boone to give up that money also, and that if the robbery went off all right Coleman would give him $20.00. Coleman left after about three or four minutes and about five or ten minutes later Steve Ralph Nichols came in with a gun and demanded the money. Boone put the register money and the Icee machine money in a paper grocery bag and gave it to Nichols, who then left the store.

About thirty seconds later, Officer Steelman of the Oklahoma City Police Department entered the store to make a purchase and, upon learning of the robbery, left in pursuit. Shortly, he saw a car without lights turn into a driveway. Coleman emerged from the car and Officer Steelman put him under arrest. Other officers arrived and Nichols was discovered lying down in the rear seat. Boone was brought in and confronted with Nichols and Coleman. Boone stated that Coleman was not the one that came in and robbed, but that Nichols was the robber. Steelman and Officer Burns discovered a sack of money hidden in the weeds behind a laundromat next to the store. . Near the sack was a cap gun.

Officer Burns of the Oklahoma City Police Department testified, as did Steelman, about finding the money and said that the pistol was a starter pistol or cap pistol such as might be used in training bird dogs.

Officer Guinn of the Oklahoma City Police Department, testified that he interrogated defendant Coleman on the morning following the incident, and after being given the Miranda warnings, defendant said that he and Nichols had committed the robbery.

Defendant Leo Franklin Coleman, twenty years old, testified that he had met Boone about August 5, 1970, and had seen him six or seven times since. He further testified that on the morning of September 13, 1970, he planned a simulated robbery. He stated that he called Boone and that he discussed with Boone a deal to get some money and that Boone approved and for Coleman to come to the store and talk about it. Coleman then went to the store and discussed his plan further with Boone. Coleman said that Boone accepted the plan and said that he, Boone, would give a description of a fellow that was six foot one, with blond hair and pimples on his face. Boone was to get Fifty Dollars of the money and wait fifteen (15) minutes before calling the police. Coleman said that Boone was scared about taking a lie detector test and that Boone wanted someone to act out the robbery.

Coleman further stated that Boone wanted someone to point a gun at him and Coleman further testified that Steve Nichols took the pistol and went into the store, but Boone knew it was such a weapon because Coleman had told him so. After getting the money, Nichols hid the pistol and money behind the laundromat and rejoined Coleman in the car.

Cathy Coleman testified that she was nineteen years old and married to Leo Franklin Coleman, but they were separated. She knew Edgar Carl Boone, Jr. and had called him about 4:30 a. m. the morn-ing of the incident to tell him that her husband was back in town. She had another conversation with him about September 15, 1970, in which he said: "He had kind of a part in the robbery." She further testified that Boone felt guilty about not telling the police something. She said that Boone also made a statement about some money, but that she could not remember what he had said about the money.

Defendant Steve Ralph Nichols testified that he was sixteen years old and knew Coleman, that Coleman discussed the robbery with Boone and then Coleman discussed it with him, Nichols. Nichols testified that he entered the store as planned by all three and asked Boone if he had talked with Coleman. Boone said that he had and then gave the money from the cash register and Icee machine to Nichols. He further testified that he never removed the cap pistol from his coat pocket and that he did not stick it in anyone's face. Nichols further stated that he left the store and hid the money and pistol next to the laundromat because he saw a policeman outside the store.

The record reveals that a few days following the incident Boone was discharged by his employer.

Defendants by separate counsel on appeal allege error in three propositions, which are disposed of as follows:

The Information charges the offense of Robbery with Firearms and describes the weapon used as a firearm.

The entire evidence at the trial of the case shows that the instrument used or involved was a starter pistol or cap pistol such as might be used in training bird dogs, incapable of firing a projectile. As to this description, there is no conflict in the evidence and not a single word to the contrary.

As of the date of the offense alleged in the Information, September 13, 1970, the State of Oklahoma had no statutory definition of "firearm," but it now has the Oklahoma Firearms Act of 1971, which in sub-

stance describes a "firearm" to be an instrument capable of discharging a projectile composed of any material which may be reasonably expected to cause lethal injury and using either gunpowder, gas or any means of rocket propulsion, but not to include flare guns, underwater fishing guns or *blank pistols*. (Emphasis added.) See 21 O.S.1971, § 1289.3. Such definition conforms strongly to the prevailing case law in the various states now and at the time of the offense charged in the information, September 13, 1970.

 In Thompson v. State, Okl.Cr., 488 P.2d 944, a case involving a charge of carrying a concealed weapon, after former conviction of a felony, the date of the alleged crime being prior to the enactment of the Oklahoma Firearms Act of 1971, this Court held:

"* * * an air gun, as the Daisy $CO^2$ Air Compression Pistol herein, is not a firearm; and does not come within the meaning of 21 O.S.1961, § 1283, which prohibits felons from carrying firearms."

However, this Court previously held in Smith v. State, Okl.Cr., 378 P.2d 790, as follows:

"* * * the Information charges *Robbery with Firearms* while the proof showed the 'gun' which the prosecuting witness saw in the hands of the defendant was in reality a *toy* pistol, incapable of firing a bullet. Defense counsel cited *no cases* in which this Court has ever held necessary the fact that a particular 'gun' involved in a robbery would actually shoot."

This case the Court now specifically overrules, and adopts the rule that in order for a person to be convicted of robbery with firearms, the instrument to be a firearm must meet the statutory definition set forth in the Oklahoma Firearms Act of 1971, *supra*. This rule is to apply prospectively only and has no application to the cases filed prior to December 7, 1972.

 At the conclusion of all the evidence in the case, the trial court instructed and submitted to the jury the guilt or innocence of the defendants for the crime of Robbery with Firearms. This was error. The evidence did not reveal such crime because there was no "firearm" used.

 The evidence did reveal the possibility of a lesser and included offense, Robbery in the First Degree, 21 O.S.1971, § 797, but no such issue was submitted to the jury. This was error.

 Further, the trial court did not submit to the jury the issue of conspiracy by Boone, Coleman and Nichols to obtain money or property by false pretenses, as specifically requested in writing by the defendants, that being their theory of the defense, contending that Boone and the two defendants had gone through the motions of a fake holdup. To ignore this material issue was error. See Crossett v. State, 96 Okl.Cr. 209, 252 P.2d 150.

Therefore, this case is reversed and remanded to the trial court for a new trial, consistent with the findings and views expressed herein.

BUSSEY, P. J., and BRETT, J., concur.