**Robert Eugene WEBB, Appellant,**

v.

**STATE of Oklahoma, Appellee.**

**No. F–84–824.**

Court of Criminal Appeals of Oklahoma.

Feb. 3, 1987.

Rehearing Denied March 3, 1987.

Brian Husted, Norman, for appellant.

Michael C. Turpen, Atty. Gen., Tomilou Gentry Liddell, Asst. Atty. Gen., Oklahoma City, for appellee.

## OPINION

BUSSEY, Judge:

Robert Eugene Webb, appellant, was convicted in Oklahoma County District Court of Forcible Sodomy, Assault with Intent to Rape, and Robbery with a Dangerous Weapon, each being After Former Conviction of a Felony. He was sentenced to twenty years', five years', and fifteen years' imprisonment, respectively.

The victim, V.D., gave the appellant a ride to the house where he was staying, appellant having asked for the ride as they left the nightclub they had each visited on the evening of January 14, 1984. Upon arriving at the house, appellant tried to kiss V.D., but she shunned his advances. He asked her to take him back to the club. She did, but appellant pulled a knife out and forced her to trade places with him. He started to drive away from the club and he forced her by displaying the knife and hitting her in the back of the head to orally sodomize him.

Appellant told V.D. along the way that they were going to have sexual intercourse. He stopped the vehicle and ordered the victim to remove her clothes or he would "cut them off." V.D. fought appellant and finally managed to escape. She ran to a home where the occupants admitted her.

Appellant left that location in V.D.'s truck. V.D.'s husband was telephoned and as he came to pick her up, he saw appellant driving his wife's vehicle. He followed appellant who tried to elude him. Appellant jumped from the truck and ran into a wooded area along the roadway. Appellant was not found until several hours later when he exited the woods and was identified by a police officer as he walked down the adjacent street.

I

Appellant first assigns as error the lack of evidence of asportation of the vehicle by him sufficient to prove the offense of Robbery with a Dangerous Weapon. He contends that the victim was never dispossessed of the truck except when she exited the vehicle by her own volition when she ran to the house. Appellant concedes that he gained control of the truck when he got behind the steering wheel, but does not believe he "carried away" the personal property.

Appellant confuses the victim's possession of the truck with her presence in it. He assumes that since the vehicle remained in her presence, she could not have been dispossessed of it. Possession involves, however, the ability to exercise one's power over the personal property. *Black's Law Dictionary* (4th ed. rev. 1968). And, it was this right of which the victim was deprived.

Asportation or "carrying away" is accomplished by the slightest movement of the personal property by a wrongdoer who is in actual possession. *Cunningham v. District Court of Tulsa County*, 432 P.2d 992 (Okl.Cr.1967); *Hutchinson v. State*, 427 P.2d 112 (Okl.Cr.1967). When appellant moved the vehicle, he was at the time in actual possession regardless of the victim's presence, and was so due to the violence he exercised toward V.D. Thus, there was evidence of both taking and carrying away of the truck by Webb.

II

Appellant next assigns as error the failure of the trial court to instruct the jury concerning certain lesser included offenses. One of the offenses which he asserts should have been given the jury and was not is that of Robbery by Force or Fear. The general rule is that the trial court should instruct on lesser included offenses, but only those which are reasonably supported by the evidence. *Langdell v. State*, 657 P.2d 162 (Okl.Cr.1982).

In the present case, there was uncontradicted evidence that the victim complied with the appellant's commands because he drew a knife on her. She also testified that he hit her, but the evidence showed that a dangerous weapon was used to overcome any resistance. There was no need to instruct of the lesser offense when the victim's testimony, if believed, clearly supported the greater. The evidence was not such that had the jury been instructed of the lesser offense, appellant could have been acquitted of the greater offense. *United States v. Johnson*, 734 F.2d 503 (10th Cir.1984).

Next, appellant argues that the trial court should have instructed the jury of the offense of Assault and Battery as a lesser included offense to Assault with Intent to Rape. Again, the victim's uncontradicted testimony was that appellant told her they were going to have sexual intercourse. This provided clear evidence of his intent. Therefore, it was not error to fail to instruct on Assault and Battery.

Appellant also contends the jury should have been instructed concerning Unauthorized Use of a Motor Vehicle. Had the victim not been present when appellant used her vehicle, there might have been justification for such an instruction. The evidence, if believed, did not support this offense. The assignment is without merit.

### III

The trial court gave, over appellant's objection, an instruction on evidence of flight. The instruction allowed the jury to consider the evidence as an indication of guilt. The instruction properly stated the applicable law. *Wilson v. State*, 96 Okl.Cr. 137, 250 P.2d 72 (1952). We do not agree with appellant that the instruction is an improper commentary on the evidence. This Court has long approved the giving of such an instruction in appropriate cases, and we are unpersuaded by the authority of decisions from other jurisdictions to depart from precedent. *Rhodes v. State*, 695 P.2d 861 (Okl.Cr.1985).

### IV

Finally, appellant contends, that the felony used to enhance punishment is not an offense in Oklahoma. Appellant had been convicted of Making a False Statement to Obtain a Weapon in federal court, and, appellant is correct in asserting that foreign enhancing offenses must also be offenses in Oklahoma. 21 O.S.1981, § 54.

The federal statute appellant was convicted of violating is 18 U.S.C. § 922(a)(6). This is part of the Federal Gun Control Act. Section 1288 of Title 21 of the Oklahoma Statutes specifically requires observance of these laws. Furthermore, each of the elements of the offense are also elements of the offense of Obtaining Property by False Pretense. See 21 O.S.1981, § 1541.1 *et seq.* and *Lee v. State*, 576 P.2d 770 (Okl.Cr.1978).

Finding no error warranting reversal or modification, judgments and sentences are AFFIRMED.

BRETT, P.J., and PARKS, J., concur.