**William Daniel WAXLER, Appellant,**

v.

**STATE of Oklahoma, Appellee.**

**No. F–85–714.**

Court of Criminal Appeals of Oklahoma.

Dec. 9, 1987.

David M. Dunlap, Oklahoma City, for appellant.

P. Kay Floyd, Asst. Atty. Gen., Oklahoma City, for appellee.

## OPINION

PARKS, Judge:

The appellant, William Daniel Waxler, was charged by Information in the District Court of Cleveland County, Case No. CRF–84–1358, with the crimes of First Degree Rape (21 O.S.Supp.1986, § 1114) and Forcible Sodomy (21 O.S.1981, § 888). A jury trial was held, and a verdict of guilty on both counts was returned. The appellant was sentenced to fifty (50) years imprisonment on Count I and twenty (20) years on Count II, to be served consecutively. From these judgment and sentences, the appellant has perfected this appeal. We affirm.

Appellant first asserts that there is insufficient evidence to support the verdict because the prosecutrix' testimony was inherently improbable and not corroborated. A thorough review of the record does not support this allegation. The facts reveal that on December 13, 1984, S.M., the victim, was studying for a final exam. Around 3:30 a.m., appellant knocked on her door, claimed to be ill, and asked that she help him. After entering her apartment, he asked that she retrieve his medicine from his apartment, which was across the street. S.M. hurried to his apartment, picked up several bottles of medicine and returned. He took a pill and after some time, began feeling better. During this time, the appellant asked to use S.M.'s phone, which he did. At approximately 6:30 a.m., S.M. helped the appellant back to his apartment. She agreed to remain there for a few minutes to ensure that the appellant did not once again become ill. Appellant was smoking and S.M. asked to open the front door in order to get some fresh air. Appellant adamantly refused, and pulled a knife. Holding the knife at her throat, appellant forced S.M. to his bedroom. S.M. asked to go to the bathroom and once there, she searched for a weapon. In her frightened state, she found only a can of spray deodorant. Appellant entered the bathroom and she sprayed him in the face with the deodorant. As she attempted to flee, he grabbed her and a struggle ensued. During this struggle, S.M. managed to hit appellant on the back of the head with the can, causing a cut. Appellant cut and scratched S.M.'s face and neck, caused several bruises on her neck and arms, and blackened her eye. While struggling, S.M. also attempted to hit appellant with a nearby lamp, but to no avail. Appellant told her he would break her neck, and forced her to remove her clothes. She was then forced to remove the appellant's clothes, and to commit an act of sodomy upon him. He took her to the bedroom, and attempted to have sexual intercourse. Unable to achieve penetration, he again forced S.M. to sodomize him. He then raped her. S.M. told appellant that she needed to go to class, but he refused to allow her to leave and again raped her. Around 12:00 p.m., appellant allowed her to leave after kissing her goodbye.

During the course of these events, the victim noticed several tattoos on the appellant's chest and arms. After he was arrested, photographs were taken of these tattoos and entered into evidence. At trial, S.M. identified him as the man who raped and sodomized her.

■ Appellant claims that the victim's testimony was contradictory and inherently improbable as she was unclear on some of the minor details of the attack. We agree that if the prosecutrix's testimony is so

improbable as to be unreasonable, it must be corroborated by other evidence. *Cooper v. State,* 568 P.2d 1300, 1303 (Okla.Crim. App.1977). In order to properly review this proposition, we must look at the alleged inconsistencies.

■ He first asserts that S.M.'s story is improbable because she testified that she did not see the knife prior to the time she was threatened with it. However, appellant's testimony reveals that the knife was hidden under the couch. Obviously, the victim's testimony is consistent in this regard. Appellant also complains that her story is improbable because, as revealed by her testimony, she went into the living room twice, unaccompanied by the appellant. Appellant concludes that these facts show that S.M. was a willing participant, as she had an opportunity to escape. Although S.M. was allowed to go to the living room, she testified that, because she feared for her life, she was afraid to attempt a second escape. She also testified that the appellant followed her on one of those occasions.

Appellant also argues that her testimony was contradictory as she testified that neither person was drinking. Appellant testified that he was drinking whiskey and S.M. was drinking wine. However, there was no physical evidence or testimony, other than the appellant's, to indicate that the parties were drinking. We believe that S.M.'s testimony was clear and credible, and therefore corroboration was not required. *See Castilla v. State,* 609 P.2d 788, 791 (Okla. Crim.App.1980); *Gaines v. State,* 632 P.2d 1242, (Okla.Crim.App.1981).

■ Even assuming *arguendo* that S.M.'s testimony was contradictory, there was sufficient corroboration to sustain appellant's conviction. S.M.'s injuries were consistent with her story, and discredit the appellant's "consent" theory. *See Green v. State,* 611 P.2d 262, 266 (Okla.Crim.App. 1980), *cert. denied,* 449 U.S. 1102, 101 S.Ct. 898, 66 L.Ed.2d 828 (1981). The cut on appellant's head also lends credibility to her story. A broken lamp was found in the appellant's living room, which further corroborates the victim's story. A knife, with a five-inch serrated blade, was found on the floor. The victim testified that the knife she was threatened with had a four-inch blade with serrated edges. Additionally, the mental state of the victim immediately after the incident substantiates the fact that she was raped. The police officer, who investigated the crime, testified that she was withdrawn, upset and in shock. This evidence is clearly sufficient to corroborate S.M.'s testimony. *See Cooper, supra.* The appellant's first assignment of error is meritless.

■ As his next proposition, appellant asserts that the trial court erred in refusing to grant his motion for a new trial. He alleges that the pre-sentence investigation report contained newly-discovered evidence. The particular section to which appellant refers is the summary of events as related by the victim. Appellant claims that this summary differs from her testimony at trial.

Appellant bears the burden of proving that there is a "reasonable probability that if the newly-discovered evidence had been introduced at the trial it would have changed the results." *Robison v. State,* 677 P.2d 1080, 1086 (Okla.Crim.App.1984), *cert. denied,* 467 U.S. 1246, 104 S.Ct. 3524, 82 L.Ed.2d 831 (1984). Whether or not to grant a new trial based on newly-discovered evidence is largely within the discretion of the trial court. Absent an abuse of discretion, this Court will not reverse the trial court's ruling. *Rushing v. State,* 676 P.2d 842, 854 (Okla.Crim.App.1984). After reviewing the pre-sentence investigation report, we find that the victim related the same basic facts on both occasions. Appellant has failed to meet his burden in two respects: (1) he has not shown that the report contains "newly-discovered" evidence and (2) he has not shown that there is a "reasonable probability" that the verdict would have been different. This proposition is also without merit.

■ Appellant's final proposition urges that his sentences are excessive. He alleges that a certain photograph admitted into evidence inflamed the passions of the jury,

causing them to increase his punishment. This photograph depicted the appellant, taken immediately after his arrest, with a beard and chest tattoo. He claims that the "natural prejudice against bearded and tattooed persons" unduly prejudiced the jury. Inasmuch as the photograph has not been included in the record on appeal, this contention is not properly before this Court. The burden rests with the defendant to insure that an adequate record is presented for review. *Guthrie v. State,* 679 P.2d 278, 280 (Okla.Crim.App.1984).

As to the excessiveness of punishment, we note that the appellant received fifty (50) years for rape and twenty (20) years for forcible sodomy. These sentences are within the statutory limits. This Court cannot modify a sentence unless it is so excessive as to shock the conscience. *Edwards v. State,* 663 P.2d 1233, 1235 (Okla. Crim.App.1983). After studying the facts involved in this crime, we do not believe the punishment is excessive.

Accordingly, the judgment and sentences are AFFIRMED.

BRETT, P.J., and BUSSEY, J., concur.