**Oren Richard HINKLE, Appellant,**

v.

**The STATE of Oklahoma, Appellee.**

**No. F–86–86.**

Court of Criminal Appeals of Oklahoma.

March 20, 1989.

As Corrected April 5, 1989.

Scott W. Braden, Appellate Public Defender, Norman, for appellant.

Robert H. Henry, Atty. Gen., Sandra D. Howard, Oklahoma City, for appellee.

## OPINION

PARKS, Vice Presiding Judge:

Appellant, Oren Richard Hinkle, was tried by jury and convicted of Oral Sodomy (21 O.S.1981, § 886) and Attempted Rape

(21 O.S.1981, §§ 42 and 1114), in the Oklahoma County District Court, Case No. CRF–85–536, before the Honorable Don Powers, District Judge. The jury set punishment at one (1) year and twenty (20) years imprisonment respectively. Judgment and sentence was imposed accordingly. We reverse in part and affirm in part.

On January 23, 1985, E.E.S., a seventy-six year old widow, was walking home from work. She passed appellant and he began to follow her. He grabbed her from behind, poked something in her back, and told her to keep moving. E.E.S. testified appellant was carrying a pipe, but that he stated he had a "gun in [her] back." He forced her to his truck and pushed her inside. After driving a short distance, appellant ordered E.E.S. to take off her skirt. E.E.S. testified that he threatened her with the pipe and forced her to commit oral sodomy on him. She also stated he forced her to have sexual intercourse. While he was attempting penetration, E.E.S. complained that appellant was hurting her but he refused to stop. A car approached appellant's truck and E.E.S. began screaming for help. She opened the car door and fell to the ground. Appellant quickly drove away.

Appellant testified that E.E.S. made sexual advances toward him after he offered her a ride. While he admitted that oral sodomy had occurred, he alleged it was a voluntary act by E.E.S. He denied any sexual intercourse. Additional facts will be stated as they become relevant.

▇▇▇▇ As his first assignment of error, appellant asserts his conviction for oral sodomy was violative of the holding in *Post v. State*, 715 P.2d 1105 (Okla.Crim.App. 1986). In support of his allegation, he points out that the jury was instructed that consent was not a defense under 21 O.S. 1981, § 886. He also argues that the State was required to prove "force." In *Post*,

the jury was given a similar instruction which stated that sodomy is not "less of a crime if committed with a consenting person." *Id.* at 1107. This Court, relying on federal constitutional law, held that an individual's constitutional right of privacy encompassed the private, consensual acts of sodomy between heterosexual adults.[1]

Later, in *Newsom v. State*, 763 P.2d 135, 139 (Okla.Crim.App.1988), this Court interpreted the holding in *Post* as follows:

> We do not agree with appellant that *Post* requires proof of force before an individual may be convicted of sodomy under Section 886. This Court cannot, through judicial invention, add an element to conduct which is proscribed by statute. However, we may review a statute to determine its constitutionality. (Citation Omitted) Hence, the ruling in *Post* is limited to the determination that the statute is unconstitutional as applied to consensual, heterosexual acts between adults ...

Thus, we cannot agree that the State was required to prove "force" as an element of the crime. Nevertheless, we agree with appellant's contention that the jury was erroneously instructed regarding consent. Unlike *Newsom* wherein there was no evidence of consent, in the present case, the evidence was conflicting regarding this factual question. As in *Post*, the instruction was erroneous and deprived appellant of his right to have his theory of defense presented to the jury. *Coleman v. State*, 506 P.2d 558 (Okla.Crim.App.1972). Appellant's conviction for oral sodomy must be reversed.

▇▇▇▇ In his second proposition, appellant claims the trial court erred in instructing the jury on the lesser-included offense of attempted rape. He urges that the evidence did not support such an instruction. We must disagree. When there is evidence to support an instruction on a lesser-includ-

---

1. The dissent argues that the holding in *Post* is no longer valid due to the United States Supreme Court decision in *Bowers v. Hardwick,* 478 U.S. 186, 106 S.Ct. 2841, 92 L.Ed.2d 140 (1986). However, *Bowers* specifically left open the issue addressed in *Post* insofar as the Supreme Court clearly stated that "[w]e express no opinion on the constitutionality of the Georgia statute as applied to other acts of sodomy." *Id.* at 189 n. 2, 106 S.Ct. at 2842 n. 2. Thus, *Bowers* is expressly limited to "whether the Federal Constitution confers a fundamental right upon homosexuals to engage in sodomy ..." and is not controlling here.

ed offense, it is proper to instruct the jury on that offense. *Dunagan v. State*, 734 P.2d 291, 295 (Okla.Crim.App.1987); *Webb v. State*, 732 P.2d 478, 480 (Okla.Crim.App. 1987), *cert. denied*, 482 U.S. 930, 107 S.Ct. 3217, 96 L.Ed.2d 703 (1987). It is within the trial court's discretion and responsibility to consider all the evidence presented and to determine whether such evidence warrants an instruction on the lesser-included offense. *Rawlings v. State*, 740 P.2d 153, 160 (Okla.Crim.App.1987). In the present case, defense counsel repeatedly attempted to show that one of the requisite elements of rape, penetration, did not occur. During cross-examination of E.E.S., the following testimony was given:

Q: Was there any—you say there was penetration of your vagina?

A: Yes, sir.

Q: Was there any—what would you call it—normal sexual motion involved?

A: No, sir; outside of it, he just kept pushing.

Q: So—so, his penis did not go in and out—

A: No, sir.

Q: —in a normal sexual motion?

A: No, sir.

Q: What you're saying then that his motions were merely that of attempting to penetrate?

A: Yes, sir.

Clearly, there was sufficient evidence to support the trial court's decision to give an instruction on the lesser-included offense of attempted rape. This assignment is without merit.

As his last assignment of error, appellant claims there was insufficient evidence to support his convictions for oral sodomy and attempted rape. Although we have already determined that his conviction for oral sodomy must be reversed, we must address appellant's sufficiency claim to determine whether the conviction should be dismissed under *Burks v. United States*, 437 U.S. 1, 98 S.Ct. 2141, 57 L.Ed.2d 1 (1978), or remanded for a new trial.

When reviewing to determine the sufficiency of evidence when both circumstantial and direct evidence is presented, the standard of review on appeal is "whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime charged beyond a reasonable doubt." *Spuehler v. State*, 709 P.2d 202, 203 (Okla.Crim.App.1985). Appellant argues that the testimony of E.E.S. was contradictory, improbable and uncertain, thus requiring corroboration. He continues by stating that there was inadequate corroboration and therefore, the evidence is insufficient under *Spuehler* to support his convictions. He claims the only corroboration of E.E.S.' testimony was the testimony of Officer Richard Apple. Appellant asserts that this testimony was the "fruit" of an unlawful search, and is thus inadmissable. Again, we must disagree.

While we agree that corroboration is required if the prosecutrix' testimony is contradictory, uncertain and improbable, we cannot say the testimony of E.E.S. fell within this category. Rather, throughout trial, her testimony remained unwaivering and certain. Accordingly, corroboration was not required. *See Waxler v. State*, 747 P.2d 964, 966 (Okla.Crim.App.1987). Even assuming *arguendo* E.E.S.' testimony required corroboration, sufficient corroboration existed aside from the testimony of Officer Apple. Dr. Jack Bair testified that upon examination, he discovered fresh lacerations in the genitalia area of E.E.S. He stated that the lacerations were consistent with a sexual assault. Larry Slaughter testified that he approached the vehicle in which appellant and E.E.S. were sitting to see if there was any trouble. E.E.S. began screaming and fell out of the truck. E.E.S. was partially unclothed and shouted she had been raped. Slaughter identified appellant as the driver of the truck. Also, a hair found on the skirt of E.E.S. was consistent with the hair of appellant. Hence, sufficient corroboration existed to support the testimony of E.E.S. Accordingly, we believe that "any rational trier of fact could have found the essential elements of the crime charged beyond a reasonable doubt." *Spuehler*, 709 P.2d at 203. This assignment is without merit.

For the reasons stated, appellant's conviction for oral sodomy is REVERSED and REMANDED for a new trial. His conviction for attempted rape is AFFIRMED.

BRETT, P.J., and LANE, J., concur.

BUSSEY and LUMPKIN, JJ., concur in part/dissent in part.

BUSSEY, Judge, concurring in part/dissenting in part.

I concur in the affirmance of appellant's conviction for attempted rape, but for the reasons stated in my dissent in *Post v. State*, 715 P.2d 1105, 1110 (Okla.Crim.App. 1986), I must respectfully dissent to the reversal of appellant's conviction for oral sodomy.

LUMPKIN, Judge, concurring in part/dissenting in part.

I concur in the affirmance of Appellant's conviction for attempted rape, but for the reasons stated below, I must respectfully dissent to the reversal of the Appellant's conviction for oral sodomy.

This Court in *Post v. State*, 715 P.2d 1105 (Okl.Cr.1986) relied on federal constitutional law in holding that an individual's constitutional right of privacy includes the private, consensual acts of sodomy between heterosexual adults. In *Post*, this Court anticipated that the activity addressed would fall within "the outer limits" of the rights of privacy, which had yet to be marked by the U.S. Supreme Court, and held that 21 O.S.1981, § 886, as applied to non-violent consensual activity between adults in private, violates an individual's right to privacy under the United States Constitution. However, four months after *Post*, the United States Supreme Court, in *Bowers v. Hardwick*, 478 U.S. 186, 106 S.Ct. 2841, 92 L.Ed.2d 140 (1986), reversed the Eleventh Circuit Court of Appeals and held that the due process clause of the Fourteenth Amendment does not confer any fundamental right on homosexuals to engage in consensual sodomy, even when the acts in question occur in the privacy of the home. The Court in *Bowers* recognized that the lower court's erroneous decision was based upon the right of privacy as enunciated in, among other cases, *Griswold v. Connecticut*, 381 U.S. 479, 85 S.Ct. 1678, 14 L.Ed.2d 510 (1965), *Eisenstadt v. Baird*, 405 U.S. 438, 92 S.Ct. 1029, 31 L.Ed.2d 349 (1972), and *Stanley v. Georgia*, 394 U.S. 557, 89 S.Ct. 1243, 22 L.Ed.2d 542 (1969). These same decisions were relied upon by this Court in *Post*. The *Bowers* Court held:

> [N]one of the rights announced in those cases bears any resemblence to the claimed constitutional right of homosexuals to engage in acts of sodomy ... Moreover, any claim that these cases nevertheless stand for the proposition that any kind of private sexual conduct between consenting adults is constitutionally insulated from state proscription is unsupportable. 478 U.S. at 190–191, 106 S.Ct. at 2844.

The Court then analyzed the historical development of sodomy statutes in general in light of federal constitutional law and found that "the presumed belief of a majority of the electorate in Georgia that homosexual sodomy is immoral and unacceptable" was an adequate rationale to support the law. 478 U.S. at 196, 106 S.Ct. at 2846. However, it should be noted that the Georgia statute, like the Oklahoma statute, prohibits all acts of sodomy.

In light of *Bowers'* holding that the previous Supreme Court decisions do not support constitutional protection for unlimited kinds of private sexual conduct between consenting adults, this Court's holding in *Post* is no longer viable and should be reversed.

Additionally, this Court should not disregard its previous decision in *Slaughterback v. State*, 594 P.2d 780, 781–782 (Okl. Cr.1979), which recognizes that sodomy is no less a crime if it is committed with a consenting person.

Finally, when the Legislature has considered a subject, "this Court is, by law, powerless to modify or extend that statutory enactment in matters which are criminal in nature." *Freshour v. Turner*, 496 P.2d 389, 393 (Okl.Cr.1972). The function of this Court "is to determine the interpre-

tation of legislative acts and not to attempt to usurp the legislative functions of government by judicial decree." *In re Luckens,* 372 P.2d 635, 636 (Okl.Cr.1962). As the majority notes in its quote from *Newsom v. State,* 763 P.2d 135, 139 (Okl. Cr.1988), "[t]his Court cannot, through judicial invention, add an element to conduct which is proscribed by statute." It is the duty and exclusive function of the legislature to determine whether the sodomy statute should include the defense of consent.