STATE of Oklahoma, ex rel. Steven S. SUTTLE, District Attorney, Petitioner,

v.

The DISTRICT COURT OF JACKSON COUNTY and the Honorable Ray L. Jones, Jr., District Judge, Respondent.

No. P–90–0244.

Court of Criminal Appeals of Oklahoma.

May 15, 1990.

## ORDER DENYING WRIT OF PROHIBITION

On March 8, 1990, petitioner, Steven S. Suttle, District Attorney for the Third Judicial District, State of Oklahoma and for Jackson County, filed a pleading with this Court asking for extraordinary relief. The state requested that this Court grant a writ prohibiting the Jackson County District Court from examining the State's file in *State of Oklahoma v. George Wayne Loftis*, Case No. CRF–89–223, Jackson County. On February 27, 1990, the district court sua sponte ordered the district attorney to furnish its entire file for inspection by the court as to what, if any, exculpatory information it contains. On March 15, 1990, we stayed the proceedings and ordered a response from the District Court of Jackson County which it timely filed.

The petitioner contends that the district court abused its discretion by so ordering the inspection of the file because the defendant would not have a right to examine the file himself. Whether the defendant would have a right to examine the prosecution's file is not dispositive of this matter as petitioner has failed to show any authority that states the court cannot order an inspection of the file on its own as is required by Rule 10.6(A), *Rules of the Court of Criminal Appeals*, 22 O.S.Supp.

1989, Ch. 18 App. Furthermore, defense counsel's motion for discovery of all evidence favorable to the defendant was sustained by the trial court. While the proper procedure would be for defense counsel to file a motion requesting such a review of the State's file, in this case, we do not find that the trial court abused his discretion.

IT IS THEREFORE THE ORDER OF THIS COURT that the writ of prohibition be denied in as the petitioner has failed to demonstrate any abuse of discretion on the part of the Jackson County District Court.

IT IS THE FURTHER ORDER OF THIS COURT that the order of this Court staying any further proceedings in *State of Oklahoma v. George Wayne Loftis*, Case No. CRF–89–223, is lifted, vacated and set aside as of the date of this order.

IT IS SO ORDERED.

/s/ Ed Parks
ED PARKS
Presiding Judge

/s/ James F. Lane
JAMES F. LANE
Vice Presiding Judge

/s/ Tom Brett
TOM BRETT
Judge

/s/ Charles A. Johnson
CHARLES A. JOHNSON
Judge

LUMPKIN, J., concurs in result.

LUMPKIN, Judge, concurring in results.

I concur in the results reached by the Court in this case based on application of the rule of stare decisis as established in *James v. Rogers*, 734 P.2d 1298 (Okl.1987), and *State ex rel. Wise v. Clanton*, 560 P.2d 588 (Okl.Cr.1977), in that the Petitioner has failed to establish the requisite proof to warrant the issuance of a writ of prohibition.

To ensure the appearance of impartiality is maintained in a judicial proceeding the trial judge should not *sua sponte* invade the discovery process. We presume in the

judicial process that legal counsel will comply with pretrial orders of discovery. Upon a proper request being filed, supported by a showing of need, the trial judge is empowered to take necessary action to ensure the rights of each party are preserved and the court's orders are obeyed. This includes an inspection of litigant case files to ensure exculpatory and other discoverable evidence are properly disclosed. However, the record in this case is void of any allegations of noncompliance with the discovery order and therefore *sua sponte* action by the trial judge has the potential of eroding the appearance of impartiality.