**Cletus Laudie AMOS, Petitioner,**

v.

**DISTRICT COURT OF MAYES COUNTY, Oklahoma, The Honorable James D. Goodpaster, Respondents.**

**No. 0-91-0495.**

Court of Criminal Appeals of Oklahoma.

July 15, 1991.

## ORDER GRANTING WRIT OF MANDAMUS

Petitioner was charged by Information filed in the District Court of Mayes County, Oklahoma, June 23, 1990, with the crime of first degree murder, Case No. CRF-90-125. Petitioner's discovery motion requesting certain OSBI reports was overruled by the District Court May 31, 1991. Petitioner is now asking this Court to assume original jurisdiction and issue a writ of mandamus directing the District Court to order the District Attorney's office of Mayes County to produce the OSBI reports or to show cause why it should not do so.

*Brady v. State of Maryland,* 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963), holds that the suppression by the prosecution of evidence favorable to an accused upon request violates due process where the evidence is material either to guilt or to punishment. Therefore, we find the District Court should not have summarily overruled Petitioner's discovery request for the OSBI reports, but that the District Court must determine from a review of the reports whether the reports are relevant and discoverable in a criminal proceeding. The prosecutor shall provide the OSBI reports to the District Judge for review setting forth the parts of the reports believed to be discoverable and those nondiscoverable to provide guidance for the Trial Court in its review. The prosecutor should pro-

vide justification with authority for those parts of the reports alleged to be nondiscoverable. Exculpatory evidence is always available to a defendant and statutory provisions cannot deny access.

The Legislature has directed in 74 O.S. Supp.1989, § 150.5, that all OSBI records shall be confidential and not open to the public. However, once the OSBI's investigation is complete, the information has been given to the appropriate prosecutorial officer, and the State has elected to file criminal charges, then the material collected during the investigation is subject to disclosure under the defendant's right to discovery. This right of discovery is allowed in 74 O.S.Supp.1989, § 150.7d, and the procedure we have prescribed recognizes the authority of the trial court to grant discovery of all relevant material in a proceeding, including prosecution of a criminal case.

IT IS THEREFORE THE ORDER OF THIS COURT that the District Court grant Petitioner's discovery request, subject to review by the District Court, and release the relevant and appropriate information required for Petitioner to prepare for trial.

IT IS SO ORDERED.

/s/James F. Lane
JAMES F. LANE, Presiding Judge
Specially concurring
/s/Gary L. Lumpkin
GARY L. LUMPKIN, Vice Presiding Judge
/s/Tom Brett
TOM BRETT, Judge
/s/Ed Parks
ED PARKS, Judge
/s/Charles A. Johnson
CHARLES A. JOHNSON, Judge

LANE, Presiding Judge, concurring in result:

I concur with the majority in its finding that the trial court should examine the reports of the Oklahoma State Bureau of Investigation and release discoverable information to Petitioner. *Brady v. State of Maryland,* cited by the majority, makes the ability of a defendant to discover certain items a constitutional requirement, and as such, it must take precedence over an Oklahoma statute. However, I base my conclusion on *Brady* and its progeny and not the statutes cited by the majority. In *State v. District Court of Jackson County,* 795 P.2d 525 (Okl.Cr.1990), we approved a procedure whereby the trial court can examine statutorily restricted material and authorize dissemination of discoverable information to a defendant.

However, I do not believe that the majority's reliance on the provisions of Title 74 is appropriate. 74 O.S.Supp.1989, § 150.5 limits the agencies and persons to whom information contained in OSBI reports may be disseminated. It makes an unlawful disclosure a misdemeanor. Judges and defendants are not in the class of people allowed copies of the reports. 74 O.S.Supp. 1989, § 150.7d by its terms restricts the information that can be released after the proper hearing to only that relating to motor vehicle theft or insurance fraud that the law enforcement agency obtained from insurance companies under the provisions of Sections 150.7b to 150.7e. I do not believe that this is applicable to our current case.

It could be argued that the rules established in *Allen v. District Court of Washington County,* 803 P.2d 1164 (Okl.Cr. 1990), would require the State to turn over OSBI reports to the defendant. At page 1168 we provided:

3. The prosecuting attorney's obligations under this standard extended to material and information in the possession or control of members of the prosecutor's staff and of any others who either regularly report or, with reference to the particular case, have reported to the prosecutor's office.

However, the restrictions on OSBI reports were established by the legislature, and this court does not have the authority to modify statutes by rule. *See* Syllabus 2, *In re Luckens,* 372 P.2d 635, 636 (Okl.Cr. 1962).

For the above reasons, I concur with the result of the majority but disagree with the theory used.