**Antonio De Jesus GARCIA, Appellant,**

v.

**The STATE of Oklahoma, Appellee.**

**No. F–93–695.**

Court of Criminal Appeals of Oklahoma.

Sept. 29, 1995.

John Herndon, Chickasha, for appellant at trial.

Allen Smith, Asst. Appellate Indigent Defender, Norman, for appellant on appeal.

Robert Beal & Martha Shannon, Asst. District Attorneys, Chickasha, for the State at trial.

Susan Brimer Loving, Attorney General of Oklahoma and Timothy L. Faerber, Assistant Attorney General, Oklahoma City, for the State on appeal.

*OPINION*

LUMPKIN, Judge:

Appellant Antonio de Jesus Garcia was charged with First Degree Rape, Count 1; Forcible Oral Sodomy, Count 2; and Forcible Anal Sodomy, Count 3. The Grady County jury returned verdicts of not guilty to the primary charges but found Appellant guilty of lesser included offenses in Count 2, oral sodomy (21 O.S.1991, § 886); and Count 3, anal sodomy (21 O.S.1991, § 886) in Cause No. CRF–92–112. The jury recommended he be sentenced to five years imprisonment on Count 2, and ten years imprisonment on Count 3. The trial court sentenced accordingly, ordering the sentences to be served consecutively. It is from this judgment and sentence that Appellant appeals.

Appellant raises two propositions of error: (1) because consensual heterosexual sodomy is not a crime, and because the jury acquitted Mr. Garcia of committing any forcible act upon the complainant, his two convictions for non-forcible sodomy must be dismissed; and (2) should this Court refuse to dismiss Mr. Garcia's convictions, the sentences should be modified.

We find merit in Appellant's first proposition. In *Post v. State*, 715 P.2d 1105 (Okl.Cr. 1986), *cert. denied*, 479 U.S. 890, 107 S.Ct. 290, 93 L.Ed.2d 264 (1986), this Court held application of our non-forcible sodomy statute (21 O.S.1981, § 886) to punish consensual acts between heterosexual adults is unconstitutional. *See also Newsom v. State*, 763 P.2d 135, 139 (Okl.Cr.1988) (Allegation that force must be alleged and proved by State rejected; ruling in *Post* is limited to the determination that the statute is unconstitutional as applied to consensual, heterosexual acts between adults. As the appellant's defense was not one of consent, *Post* was not applicable); *Hinkle v. State*, 771 P.2d 232, 233 (Okl.Cr. 1989) (Jury instructed that consent was not a defense under 21 O.S.1981, § 886. Conviction reversed. Unlike *Newsom* where there was no evidence of consent, in *Hinkle* the evidence was conflicting regarding this factual question. "As in *Post*, the instruction was erroneous and deprived appellant of his right to have his theory of defense presented to the jury.").

Here, Appellant was charged in Counts 2 and 3 with forcible oral and anal sodomy (21 O.S.1991, § 888). The trial court instructed as to forcible sodomy in both counts and the requested lesser included offense of non-forcible sodomy pursuant to Section 886. His defense was consent, which the jury evidently believed, as evidenced by their verdicts.

Because the jury found the prosecutrix consented to the sexual acts rather than the acts being forced upon her, prosecution for sodomy under 21 O.S.1991, § 886 in this case would be unconstitutional. Accordingly, we hold Section 886 cannot be used as a lesser included offense of Section 888, Forcible Sodomy, when the charge relates to conduct between heterosexual adults and the defense is consent by the alleged victim.

We are not persuaded otherwise by the fact Appellant's defense was that the sex was consensual because he offered her money in exchange for the sexual acts; or that the acts were performed in a public field. We are aware of language in *Post*, 715 P.2d at 1109, stating the holding "in no way affects the validity of 21 O.S.1981, § 886 in its application to bestiality, forced sexual activity, sexual activity of the underaged, or public or commercial sexual acts." However, a majority of this Court interprets this language as authorizing prosecution under other applicable statutes—here, for example, soliciting or procuring prostitution (21 O.S.1991, § 1029) rather than under Section 886.[1]

Therefore, Appellant's convictions for Count 2, oral sodomy and Count 3, anal sodomy in Grady County Case No. CRF–92–112 must be REVERSED and REMANDED with instructions to DISMISS. In light of this holding, Appellant's second proposition is moot.

## DECISION

The Judgments and Sentences of the trial court are ordered REVERSED and REMANDED with instructions to DISMISS.

JOHNSON, P.J., specially concurs.

---

**1.** Were we writing on a clean slate, this author would dissent. *See Hinkle v. State*, 771 P.2d 232, 235–36 (Okl.Cr.1989) (Lumpkin, J., concurring in part and dissenting in part). However, the issue is determined by *stare decisis*. I continue to adhere to my position expressed in *Hinkle* due to the fact this Court in *Post* relied on an anticipated expansion of federal caselaw which did not occur. The holding in *Post* may be correct but the legal basis is not. Therefore, the Court should determine what the appropriate legal analysis is to support that decision based on the subsequent decisions of the U.S. Supreme Court and properly enunciate that holding. At the present time, the scope and applicability of 21 O.S.1991, § 886 is undetermined. While I also believe there is a possibility the jury reached its verdict through an act of jury nullification in this case, I see no juror equity exception to the rule expressed in our recent cases interpreting Section 886. Accordingly, this perception of the reason for the jury verdicts cannot be used as a basis to change the outcome of this case on appeal.

CHAPEL, V.P.J., and LANE, J., concur.

STRUBHAR, J., concurs in result.

JOHNSON, Presiding Judge, specially concurring:

I specially concur based upon *stare decisis.* I agree with Footnote No. 1 in the majority opinion. I also agree the defendant in this action was improperly charged. Although other possible crimes were committed herein, I concur based upon *stare decisis.*